Edward J. Amann, Jr., J.
In this claim, which was timely
filed, the claimant seeks to recover the sum of $8,317.44 from the State of New York. This amount represents the difference between the claimant’s alleged salary, $15,667.20, and the amount of wages the claimant received, $7,349.76 for the period September 1, 1971 through April 12, 1972. In addition, the claimant seeks $944.64, representing the value of 82 hours of approved leave time allegedly due him. Upon the trial of the claim, the claimant’s attorney moved to amend the claim to include the pay periods from April 12, 1972 through May 8, 1972, which would increase the total amount of the salary claim to $9,515.52 and the total claim for leave time to $1,082.88. This motion was granted by the court.
At the trial, the claimant testified that in 1970 he was employed by the New York State Narcotics Addiction Control Commission of the State of New York as the medical director of the Bushwick Community Based Center in Brooklyn. He further testified that he enjoyed full civil service status. He alleged that he had been hired as a full-time employee.
Subsequent to his employment, a dispute arose between the claimant and the director of the facility as to the number of hours the claimant actually worked. In view of the nature of the claim, the court does not find it necessary to review in detail the testimony presented during the trial. In essence, the claimant’s proof was to the effect that he honored his obliga *955 tion to be a full-time employee at the facility, while it was the State’s contention that the claimant’s work was unsatisfactory since he was consistently absent from his duties during various parts of the day.
As a result of this dispute, the director of the facility ordered a time check of the claimant. Commencing with the pay period that ended on September 1, 1971, and up to and including the pay period that ended on May 8, 1972, the director certified, for payroll purposes, the time that the claimant was actually at work, as revealed by the time check which he ordered. The claimant ultimately resigned his position effective May 8, 1972.
Section 100 (subd 1, par [c]) of the Civil Service Law specifically states: "Any person entitled to be certified as provided herein and refused such certificate, or from whom salary or compensation is otherwise unlawfully withheld, may maintain a proceeding under article seventy-eight of the civil practice law and rules to compel the issuance of such certificate or the payment of such salary, or both, as the case may be.” CPLR 7804 (subd [b]) specifies that the proceeding shall be brought in Supreme Court, Special Term, except as otherwise provided in CPLR 506 (subd [b]). CPLR 506 (subd [b]) is a general venue section dealing with proceedings against a body or officer; it does not grant jurisdiction to the Court of Claims to hear CPLR article 78 proceedings. The instant claim being one for the collection of salary and compensation for benefits allegedly due and owing to the claimant by the State, the claimant’s sole remedy is clearly an article 78 proceeding in the Supreme Court.
Even leaving aside the unequivocal mandate of section 100 (subd 1, par [c]) of the Civil Service Law, the gravamen of the claimant’s action is in the nature of a mandamus to compel the State to perform a legal duty, to wit, to pay the claimant his lawful compensation, and to pay him for any accrued benefits to which he may be entitled. It is well established that the Court of Claims does not have purely equitable jurisdiction. (Psaty v Duryea, 282 App Div 94, mot to dismiss app withdrawn 306 NY 598, affd 306 NY 413.) The validity of the claim hinges upon the correctness of the certification of the claimant’s salary to the appropriate departments of the State by the director and personnel department of the Bush-wick facility and their authority, if any, to reduce his salary. In order to make that determination this court would, of *956 necessity, have to review the administrative determinations and procedures of various State agencies. The Court of Claims possesses only such jurisdiction as the Legislature confers upon it. The Court of Claims cannot take jurisdiction in the absence of expressed statutory authority. (McMahon v State of New York, 178 Mise 865.) If the Legislature had intended the Court of Claims to review claims of this character against agencies such as the Civil Service Commission, it would have so provided. (Marasco v State of New York, 182 Misc 505, app dsmd 58 NYS2d 102.) The court, therefore, finds that the claim has been submitted to the wrong forum. In reaching its decision, this court has made no finding as to whether such a proceeding would now be barred by the Statute of Limitations nor does it make a finding as to whether there has been a failure to exhaust administrative procedures which would bar a special proceeding in the Supreme Court.
The court having reserved decision on the State’s motion to dismiss, made at the end of the claimant’s case and renewed at the end of the State’s case, now grants the aforesaid motion.