In the Matter of RYE PSYCHIATRIC HOSPITAL CENTER, INC., Respondent, v STATE OF NEW YORK, Appellant.—Mercure, J. Appeal from an order of the Court of Claims (E. Margolis, J.), entered July 31, 1990, which granted claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late claim.

In June 1984, the Office of Mental Health (hereinafter OMH) promulgated 14 NYCRR 577.7 (g), which established a

"minimum utilization factor" for calculation of Medicaid reimbursement rates for private psychiatric hospitals. This factor was employed in calculating claimant's 1985 reimbursement rate, causing a substantial decrease in the funds otherwise payable to claimant. In August 1988, claimant commenced an action in Federal court seeking a declaration that 14 NYCRR 577.7 (g) was contrary to the Boren Amendment to the Federal Medicaid Act (42 USC § 1396a [a] [13] [A]) and a recalculation and adjustment of the amount of its Medicaid reimbursement for 1985 and subsequent years. The State asserted as an affirmative defense, *inter alia,* that the 11th Amendment of the US Constitution barred the claim for money damages. Claimant subsequently made application in the Court of Claims for permission to file a late claim seeking damages for rate years 1985 through 1988. The motion was denied without prejudice upon the ground that "the * * * proposed claim fail[ed] to state a cause of action in that it [sought] only the award of money damages without seeking determination of the underlying right to recover from the State". In April 1990, claimant made a further motion for permission to file a late claim, this time submitting a proposed claim alleging that the State breached express and implied contracts by underpaying claimant for its care of Medicaid patients in 1985. The State opposed the motion, contending that the Court of Claims lacked subject matter jurisdiction over the proposed claim and that the claim was time barred. The Court of Claims rejected the State's arguments and granted claimant's motion. The State now appeals.

We reverse. While there is no question that the Court of Claims has jurisdiction over claims against the State for breach of express and implied contracts *(see,* Court of Claims Act § 9 [2]), the claim asserted by claimant states no such cause of action. It is fundamental that a Medicaid provider has no property interest in or contract right to reimbursement at any specific rate or, for that matter, to continued participation in the Medicaid program at all *(see, Matter of Kaye v Whalen,* 44 NY2d 754, 755, *appeal dismissed* 439 US 922; *Matter of Sigety v Ingraham,* 29 NY2d 110, 115-116; *Matter of Bezar v New York State Dept. of Social Servs.,* 151 AD2d 44, 48-49). Accordingly, claimant has no interest or right to enforce by means of a contract action in the Court of Claims. Rather, the appropriate remedy here, where the monetary relief is incidental, is a CPLR article 78 proceeding in Supreme Court challenging the reimbursement rate fixed by OMH as arbitrary and capricious and seeking payment of the

funds alleged to have been wrongfully withheld *(see, Matter of Gross v Perales,* 72 NY2d 231; *Sidoti v State of New York,* 115 AD2d 202; *Board of Educ. v State of New York,* 88 AD2d 1057, *affd on mem below* 60 NY2d 716).

Weiss, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.