■ CLAUDIO SCADUTO, Respondent, v RESTAURANT ASSOCIATES INDUSTRIES, INC., Appellant.—Order, Supreme Court, New York County (Carol Huff, J.), entered on January 18, 1991, which denied defendant's motion to strike plaintiff's jury demand, unanimously reversed, on the law, and the motion granted without costs or disbursements.

Plaintiff, an executive chef for Mamma Leone's Restaurant, was discharged from his employment. He brought this action under section 740 of the New York Labor Law for allegedly wrongful discharge in violation of section 740 (2) (a) and (c). He also sought compensatory damages pursuant to section 740 (5). Defendant has denied these allegations and claims that at the trial it will establish that plaintiff Scaduto was fired for reasons completely unrelated to his purported threat to disclose an alleged health violation at Mamma Leone's. The Supreme Court denied defendant's motion to strike plaintiff's jury demand.

It is superficially arguable that the present claim is similar to violations of the Executive Law involving discrimination. That statute, however, specifically allows for "awarding of compensatory damages" (Executive Law § 297 [4] [c] [iii]).

On the other hand Labor Law § 740 (5) contains specific remedies available to an employee when he has been made the victim of retaliation by his employer. It provides, in pertinent part:

"5. Relief. In any action brought pursuant to subdivision four of this section, *the court may order relief as follows:*

"(a) an injunction to restrain continued violation of this section;

"(b) the reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position;

"(c) the reinstatement of full fringe benefits and seniority rights;

"(d) the compensation for lost wages, benefits and other remuneration; and

"(e) the payment by the employer of reasonable costs, disbursements, and attorney's fees." (Emphasis added.)

Note that rather than providing for a trial by jury, section 740 (5), by its express terms, states that it is the court itself which awards relief. It is significant that the Practice Commentary accompanying the statute specifically states: "To the extent that only equitable relief such as injunction, reinstatement, back pay and the like are available, there may of course be no right to a jury trial under § 740. This consequence may flow from the absence of any provision for general monetary damages, or any monetary relief, indeed, other than in the nature of an accounting for back pay, or restoration of benefits." (Givens, Practice Commentaries, McKinney's Cons Laws of NY, Labor Law § 740, at 566.)

*Murphy v American Home Prods. Corp.* (136 AD2d 229), relied on by the Supreme Court is inapposite. In *Murphy,* the plaintiff had brought suit under New York Executive Law § 297 (9), which explicitly confers upon persons claimed to be aggrieved by a discriminatory practice "a cause of action in any court of appropriate jurisdiction *for damages"* (emphasis added). As noted by the *Murphy* court, "the statute itself contemplates that a person aggrieved by unlawful discrimination can obtain full relief by way of money damages only." *(Supra,* at 233.) Labor Law § 740 (5) *only* provides for equitable relief which mandates back pay, but, no more. Concur—Kupferman, J. P., Asch, Kassal and Rubin, JJ.