■ NORMAN C. AMBERGE, Appellant, v STATE OF NEW YORK, Respondent.—Mercure, J. Appeal from an order of the Court of Claims (Hanifin, J.), entered August 30, 1991, which denied claimant's motion for summary judgment and dismissed the claim for lack of subject matter jurisdiction.

Claimant was employed in the competitive class of the State civil service as a recreation assistant. On July 14, 1989, claimant was served with a notice of discipline alleging misconduct in his employment and suspended without pay. Prior to a hearing before an arbitrator, negotiations between claimant's union and the State resulted in an October 13, 1989 written settlement agreement, under the terms of which claimant returned to work in a new assignment and commenced an unconditional six-month probationary period. Despite allegedly satisfactory evaluations, claimant was discharged at the conclusion of the probationary period. As a result, claimant brought this claim alleging the State's breach of the settlement agreement and seeking that he be restored to his employment and awarded lost wages. Following joinder of issue, claimant moved for summary judgment on the issue of liability. The State opposed the motion and sought dismissal of the claim upon, *inter alia,* the ground that the Court of Claims lacked subject matter jurisdiction over the claim. The Court of Claims dismissed the claim on that basis and claimant appeals.

We affirm. Even accepting, arguendo, claimant's contention that his claim is founded upon the State's breach of the settlement agreement and does not merely contest the propriety of claimant's dismissal from employment *(compare, May v State of New York,* 86 AD2d 898, *affd* 57 NY2d 505, *with Austin v Board of Higher Educ.,* 5 NY2d 430), inasmuch as the primary relief sought by claimant, specific performance of

the settlement agreement, is equitable in nature, the Court of Claims lacks subject matter jurisdiction over the claim *(see, Pryles v State of New York,* 86 Misc 2d 205, *affd on opn below* 51 AD2d 827; *see also, Psaty v Duryea,* 306 NY 413, 417; *Matter of Rye Psychiatric Hosp. Ctr. v State of New York,* 177 AD2d 834; *Weinfield v State of New York,* 63 AD2d 443, *affd* 47 NY2d 743; *St. Paul Fire & Mar. Ins. Co. v State of New York,* 99 Misc 2d 140, 152-156). Accordingly, the claim was properly dismissed.

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order is affirmed, without costs.