OPINION OF THE COURT
John L. Bell, J.
The issue presented on the instant motion for permission to file a late claim is whether the Court of Claims has subject matter jurisdiction to consider a so-called "whistleblower” claim in which it is alleged that a former State employee was subjected to retaliatory action by her superiors in violation of Civil Service Law § 75-b enacted in 1984. Such issue has not been determined by any reported case.
Defendant hired claimant in April 1984 to work as a dental hygienist at Mid-State Correctional Facility (hereinafter Mid-State), Oneida County. She asserts that by November 1988 she became very concerned about infection control procedures and practices in the dental clinic at Mid-State. In her affidavit claimant states that her supervisor, who was a dentist, sometimes used the same dental burr on more than one inmate without properly cleaning or sterilizing the instrument. On more than one occasion, she purportedly observed her supervisor place an impression tray in an inmate’s mouth and, if it did not fit, he simply returned it to a drawer for use on another inmate without sterilization or cleaning. On another occasion, her supervisor allegedly sprayed her with a water syringe after removing it from an inmate’s mouth. Claimant states that she complained to various supervisors and administrators at Mid-State about the aforementioned conditions as well as other purportedly egregious conduct that occurred in the dental clinic.
Claimant contends that as a result of her complaints she was excluded from staff meetings, denied leave time to which she was entitled, sexually harassed, and otherwise harassed at the work place. Her papers in support of the instant motion state that by October 16, 1992 she could no longer tolerate the harassment, and thus she tendered her resignation. She relates that she attempted to rescind her resignation within hours of tendering it but that administration personnel refused to allow her to withdraw her resignation letter.
*122 Claimant alleges that she was "constructively discharged” and that the motivation for the discharge was retaliation against her for being a "whistleblower.” She seeks permission to file a late claim asserting three causes of action premised upon Civil Service Law § 75-b. The relief sought in the proposed claim is "reinstatement with full back pay from October 16, 1992, injunctive relief, attorney’s fees, costs and disbursements.”
The instant motion was filed on October 14, 1993. An affirmation opposing the motion was subsequently filed in which defendant argues, inter alia, that the Court of Claims lacks subject matter jurisdiction over a claim premised upon Civil Service Law § 75-b. Claimant submitted a reply affirmation in which she asserts that whether the court has subject matter jurisdiction is not one of the appropriate criteria when an application to file a late claim is considered.
Initially, addressing the procedural issue posed by claimant in which she asserts that subject matter jurisdiction should not be considered on the motion to file a late claim, the court finds such assertion meritless. Subject matter jurisdiction is a rigid concept, and in the absence of such jurisdiction, a court lacks authority to consider a case. The Court of Appeals has explained that "before [an] action can be maintained, in any court of this state, there must * * * be jurisdiction of the subject-matter of the action. Jurisdiction of the action cannot be conferred upon the court by any consent or stipulation of the parties. The objection to the jurisdiction in such case may be taken at any stage of the action, and the court may, ex mero motu, at any time, when its attention is called to the facts, refuse to proceed further and dismiss the action.” (Robinson v Oceanic Steam Nav. Co., 112 NY 315, 324; accord, Matter of Baltimore Mail S. S. Co. v Fawcett, 269 NY 379, 388, cert denied sub nom. Madsen v Baltimore Mail S. S. Co., 298 US 675; see, 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.10.) To suggest that the court must first consider the factors set forth in Court of Claims Act § 10 (6) and, if they weigh in favor of claimant, grant permission to file a late claim before the court can contemplate its subject matter jurisdiction is simply untenable and inconsistent with long-settled precedent.[2] Indeed, when the Court of Claims lacks *123 subject matter jurisdiction, it is reversible error for the court to consider and grant a motion to file a late claim (see, Matter of Rye Psychiatric Hosp. Ctr. v State of New York, 177 AD2d 834, lv denied 80 NY2d 751; Board of Educ. v State of New York, 88 AD2d 1057, affd 60 NY2d 716). Accordingly, since an issue of the court’s subject matter jurisdiction has been brought to its attention, the court must address such issue before considering relevant factors on the motion to file a late claim and, if jurisdiction is lacking, the motion must be denied.
Defendant contends that the relief authorized by the subject statute, and which is being sought by claimant, is equitable in nature and therefore not within the subject matter jurisdiction of the Court of Claims. While the Court of Claims has only those express powers granted by the Court of Claims Act and is vested primarily with power to consider claims for damages, it is not devoid of equitable powers. If the fundamental nature of a claim against the State is for monetary damages, the court can consider equitable relief incidental thereto (see, Psaty v Duryea, 306 NY 413, 416; Owasco Riv. Ry. v State of New York, 181 AD2d 665; St. Paul Fire & Mar. Ins. Co. v State of New York, 99 Misc 2d 140, 152-156). However, if the primary relief sought by claimant is equitable in nature, the Court of Claims, at least in the absence of specific statutory authority, does not have subject matter jurisdiction (see, e.g., Amberge v State of New York, 186 AD2d 962; Davidson v State Narcotic Addiction Control Commn., 81 Misc 2d 953).
Subdivision (3) of Civil Service Law § 75-b sets forth the procedures and remedies that are available to a public employee who contends that he or she has been the subject of retaliatory action for "whistleblowing.” In the affirmation opposing the motion, the State assumes for purposes of the motion to file a late claim that paragraphs (a) and (b) of subdivision (3) do not apply to the constructive discharge claim that claimant wishes to pursue in this court.[3] The relevant provisions are thus set forth in paragraph (c). Paragraph (c) provides, in pertinent part, that a purportedly aggrieved employee who is not subject to any of the provisions of *124 paragraphs (a) and (b) "may commence an action in a court of competent jurisdiction under the same terms and conditions as set forth in article twenty-C of the labor law.” Reference to Labor Law § 740 (5) of the subject article reveals that the court may order the following relief:
(a) an injunction to restrain continued violation of this section;
(b) the reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position;
(c) the reinstatement of full fringe benefits and seniority rights;
(d) the compensation for lost wages, benefits and other remuneration; and
(e) the payment by the employer of reasonable costs, disbursements, and attorney’s fees.
In two unreported cases of our court, Twomey v State of New York (motion No. M-44635, Oct. 11, 1991), and Esteves v State of New York (motion No. M-39540, Mar. 17, 1989), Judge Lyons held that the Court of Claims does not have equitable jurisdiction in "whistleblower” cases under Civil Service Law § 75-b. In Twomey, Judge Lyons concluded that while "the court has the power to award, monetary damages such as lost wages and attorney’s fees (where authorized by statute), it does not have equitable powers and cannot enjoin defendant or order claimant reinstated to his position” (supra, slip opn, at 3 [emphasis added]). Accordingly, Judge Lyons directed that the claim must be amended to eliminate the prayer for an injunction, reinstatement of claimant to his position and reinstatement of fringe benefits.
Inferentially, Judge Lyons concluded that merely because the Court of Claims cannot grant all the relief statutorily authorized does not lead necessarily to the conclusion that it has no jurisdiction (see, Clancy v State of New York, 126 Misc 2d 292). However, as the elements of relief set forth in the statute are scrutinized, this court concludes that such elements, including "compensation for lost wages, benefits and seniority rights” are all equitable in nature and, consistent therewith, the relief requested in the proposed claim is entirely equitable. Indeed, Labor Law § 740 (5) has been construed consistently as permitting only equitable relief, with no provision for general monetary damages (Scaduto v Restaurant Assocs. Indus., 180 AD2d 458, 460; McGrane v Reader’s *125 Digest Assn., 822 F Supp 1044, 1045 [SD NY 1993]; Givens, Practice Commentaries, McKinney’s Cons Laws of NY, Book 30, Labor Law § 740, at 565-566). A distinction must be drawn between compensatory damages such as permitted under the Human Rights Law, specifically Executive Law § 297 (4) (c) (iii), and "lost wages, benefits and other remuneration” under Labor Law § 740 (5) and Civil Service Law § 75-b (3) (c).
Scaduto v Restaurant Assocs. Indus. (supra), in which the First Department reversed the Supreme Court’s order denying defendant’s motion to strike a jury demand, is especially instructive. After observing that it was superficially arguable that a claim under section 740 of the Labor Law for wrongful discharge is similar to violations of the Executive Law involving discrimination, the First Department recited the relief that a court may order under Labor Law § 740 (5) and trenchantly observed (at 459): "Note that rather than providing for a trial by jury, section 740 (5), by its express terms, states that it is the court itself which awards relief. It is significant that the Practice Commentary accompanying the statute specifically states: 'To the extent that only equitable relief such as injunction, reinstatement, back pay and the like are available, there may of course be no right to a jury trial under § 740. This consequence may flow from the absence of any provision for general monetary damages, or any monetary relief, indeed, other than in the nature of an accounting for back pay, or restoration of benefits.’ (Givens, Practice Commentaries, McKinney’s Cons Laws of NY, Labor Law § 740, at 566.)”
After relating that the Supreme Court’s reliance on Murphy v American Homes Prods. Corp. (136 AD2d 229) was misplaced, the First Department commented that in Murphy, the plaintiff had brought suit under Executive Law § 297 (9), which "confers upon persons claimed to be aggrieved by a discriminatory practice 'a cause of action in any court of appropriate jurisdiction for damages’ (emphasis added)” (Scaduto v Restaurant Assocs. Indus., 180 AD2d 458, 460, supra). Noting that the Murphy Court had announced that " 'the statute itself contemplates that a person aggrieved by unlawful discrimination can obtain full relief by way of money damages only’ ”, the First Department held that "Labor Law § 740 (5) only provides for equitable relief which mandates back pay, but, no more” (supra, at 460).
In McGrane v Reader’s Digest Assn. (supra), United States District Court Judge Broderick followed Scaduto (supra) as *126 regards Labor Law § 740 and concluded that the statute precludes suits for tort-like damages and permits solely equitable relief such as reinstatement.[4]
Amberge v State of New York (186 AD2d 962, supra), decided by the Third Department, further supports defendant’s argument that the Court of Claims has no jurisdiction of Civil Service Law § 75-b cases. In Amberge, claimant, after being discharged at the end of an unconditional six-month probationary period, brought a claim alleging the State’s breach of an earlier settlement agreement and seeking that he be restored to his employment and awarded lost wages. In affirming the dismissal of the claim by Judge Hanifin of our court, the Third Department held that "inasmuch as the primary relief sought by claimant, specific performance of the settlement agreement, is equitable in nature, the Court of Claims lacks subject matter jurisdiction over the claim” (supra, at 962-963 [citations omitted]).
In the present matter claimant seeks not only "reinstatement with full back pay” and "injunctive relief’ but also "attorney’s fees, costs and disbursements.” It is apparent that this court cannot grant "attorney’s fees, costs and disbursements” since Court of Claims Act § 27 specifically precludes it from granting such relief to claimant.
Koerner v State of New York (62 NY2d 442) does not serve as authority for a conclusion that the Court of Claims has jurisdiction to hear and determine claimant’s present claim. Implicit in the decision of the Court of Appeals that the Legislature had conferred jurisdiction upon the Supreme Court to fully address any wrongs committed by the State under the Human Rights Law, including a claim for money damages, is a holding that the Court of Claims has jurisdiction of a claim for money damages only under such law. In framing the issues presented to it, the Court of Appeals stated: "Specifically, we are asked to determine * * * whether the plaintiff in such actions must pursue a claim for monetary relief in the Court of Claims” (supra, at 444). In concluding that the Legislature had consented that the State be sued in the Supreme Court, the Court reiterated, citing Psaty v Du *127 ryea (306 NY 413, 416-417, supra), that the "Court of Claims has no power to order such equitable relief as reinstatement” (supra, at 449).
While Koerner (supra) clearly constitutes authority that the Court of Claims has jurisdiction to hear and determine a claim against the State for money damages under the Human Rights Law, the court’s jurisdiction to order equitable relief, including "compensation for lost wages, benefits and other remuneration” under Civil Service Law § 75-b requires a determination that the Legislature intended to confer such jurisdiction, for the Court of Claims possesses only such jurisdiction as the Legislature confers upon it and cannot assume jurisdiction in the absence of specific statutory authority (Davidson v State Narcotic Addiction Control Commn., 81 Misc 2d 953, supra; Norton v State of New York, 53 Misc 2d 495).
Clearly, in recent decades public interest has manifested a desire on the public’s part to protect private and public employees with inside information from retaliatory action when they report a coverup constituting a violation of a law, rule or regulation. At the Federal level, administrative relief to a "whistleblower” is available through the Merit Systems Protection Board (see, 5 USC § 1206; McGrane v Reader’s Digest Assn., supra).[5] In New York, the "whistleblower” statutes (Civil Service Law § 75-b; Labor Law § 740) cover situations involving protection to an employee who discloses to a governmental body (Civil Service Law § 75-b) or discloses or threatens to disclose to an employer or public body (Labor Law § 740) information concerning a violation of a law, rule or regulation. The Legislature has thus created causes of action not previously cognizable (see, Murphy v American Home Prods. Corp., 58 NY2d 293, 307).
In approving the 1984 bills to amend the Civil Service Law and the Labor Law by adding Civil Service Law § 75-b and Labor Law § 740, Governor Cuomo commented in a memorandum filed with Senate Bill number 10074 as follows (Governor’s Mem approving L 1984, ch 660, 1984 McKinney’s Session Laws of NY, at 3624):
*128 "Public employees will be permitted to assert as a defense in any disciplinary proceeding brought under statutory or collectively negotiated provisions that the punitive action of the employer would not have been taken but for the disclosures of the employee.
"Private employees and public employees not covered by statutory or collectively negotiated disciplinary provisions will be permitted by the provisions of new Article 20-C of the Labor Law entitled 'Retaliatory Action by Employers’ to commence a civil action for relief which may include an injunction, reinstatement, back pay and restoration of fringe benefits and seniority rights. The bill requires that employees make a good faith effort to bring the activity, policy or practice in violation of law, rule or regulation to the attention of a supervisor and provide the employer a reasonable opportunity to correct the practice.”
However, an examination of the legislative Bill Jacket to the subject statutes (L 1984, ch 660, eff Sept. 1, 1984, as amended by L 1986, ch 899), including Governor Cuomo’s Memorandum, fails to disclose any legislative intention to enlarge the jurisdiction conferred by the Court of Claims Act so as to enable the Court of Claims to grant, in a proper case, the equitable remedies permitted under Civil Service Law § 75-b.
The fact that the Legislature has granted a public sector "whistleblower” the right to bring an "action in a court of competent jurisdiction” under Civil Service Law § 75-b (3) (c), the same right afforded a private sector "whistleblower” under Labor Law § 740 (4), does not serve as a premise for the conclusion that the Court of Claims has jurisdiction of a section 75-b action, at least not in the absence of the demonstration of a legislative intention to confer jurisdiction upon the Court of Claims to grant specific equitable remedies.
Statutes must be construed in the light of common sense, and courts should attempt to avoid a construction of a statute that is unreasonable or leads to unreasonable results (McKinney’s Cons Laws of NY, Book 1, Statutes § 143). The Court of Claims is a constitutional court with limited jurisdiction. Had the Legislature intended to expand the jurisdiction of the Court of Claims so as to cause it to be a "court of competent jurisdiction” authorized to dispense any of the equitable powers permitted under the provisions of Civil Service Law § 75-b (3) (c) and Labor Law § 740 (5), powers that the Legislature *129 had not conferred previously upon the Court of Claims, one must conclude that the Legislature should have included specific statutory language conferring jurisdiction upon the court and authorizing it to order any of the five enumerated statutory remedies. Furthermore, it seems unreasonable to conclude that the Legislature, while granting an arbitrator the broad powers provided by paragraphs (a) and (b) of Civil Service Law § 75-b[6] and granting the Supreme Court, in the case of an employer not subject to the provisions of paragraphs (a) and (b), the power to order the five remedies previously enumerated, nevertheless intended to confer jurisdiction upon the Court of Claims under paragraph (c) but, at the same time, to permit it to order only one of the five statutory remedies, namely, "compensation for lost wages, benefits and other remuneration.”
Moreover, since courts will avoid a statutory construction that will invest a local court with jurisdiction greater than that of the Supreme Court (McKinney’s Cons Laws of NY, Book 1, Statutes § 141), one should not ascribe to the Legislature an intention to confer jurisdiction upon the Court of Claims under Civil Service Law § 75-b to order one equitable remedy while granting arbitrators greater power in ordering remedies not permitted by the Court of Claims.
As reasonable as it may be for the Legislature to confer jurisdiction upon the Court of Claims to hear and determine "whistleblower” claims against the State under Civil Service Law § 75-b and order equitable remedies, if appropriate, as may (1) arbitrators appointed by virtue of collective bargaining agreements and (2) the Supreme Court, the Court of Claims is without power to dispense with applicable jurisdictional limitations. Based upon its own concepts of fairness and justice and in the guise of judicial interpretation, the court cannot confer upon itself jurisdiction not previously permitted by ascribing to the Legislature an intention other than that which existing case law and Civil Service Law § 75-b imports. As observed by the Court of Appeals: " 'A statute must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complica *130 tions which might arise in the course of its administration’ ” (Allen v Minskoff, 38 NY2d 506, 511, quoting Lawrence Constr. Corp. v State of New York, 293 NY 634, 639).
The fact that Civil Service Law § 75-b authorizes a "whistle-blower” action against the State and provides for the commencement of "an action in a court of competent jurisdiction” can create a trap for careful practitioners as well as the unwary, especially in light of (1) the requirement that an action must be commenced "within one year after the alleged retaliatory personnel action was taken” (Labor Law § 740 [4] [a]; Civil Service Law § 75-b [3] [c]), and (2) the doubtful availability of CPLR 205 (a) to extend the one-year period of limitations following a decision denying a motion to file a late claim under Court of Claims Act § 10 (see, Matter of Lipinski v County of Brooms, 175 AD2d 369, lv denied 79 NY2d 757; but cf., Tramontano v State of New York, 131 Misc 2d 238; Rydeberg v State of New York, 108 Misc 2d 362).
Until such time as the Legislature should reexamine Civil Service Law § 75-b and specifically grant to the Court of Claims jurisdiction under such statute, a claimant who contemplates an action under the statute would be well advised to institute an action in the Supreme Court rather than the Court of Claims.
Thus, based upon the previously recited case law and rules of statutory construction, the court must hold, although reluctantly, that it has no subject matter jurisdiction over a claim asserted under Civil Service Law § 75-b. In light of the foregoing, claimant’s motion to file a late claim is denied.

. The reason that claimant apparently urges such a procedure is to afford her the opportunity to attempt to invoke the extension to the Statute of Limitations afforded by CPLR 205 (a).

. Paragraphs (a) and (b) relate, in part, to binding arbitration provisions contained in collectively negotiated agreements. Although the motion papers do not establish definitively that claimant was not covered by any collectively negotiated agreement, the court, like defendant, will assume that only subdivision (c) is at issue.

. Collaterally, this court observes that absent specific statutes such as Labor Law § 740 and Civil Service Law § 75-b, the Court of Appeals has enunciated a general rule that reinstatement via a CPLR article 78 proceeding is a condition precedent to the recovery of back pay (see, Austin v Board of Higher Educ., 5 NY2d 430; Pryles v State of New York, 86 Misc 2d 205, affd 51 AD2d 827).

. In McGrane (822 F Supp 1044 [SD NY 1993], supra), the court also observed that "[i]n the state and local public sector, the First and Fourteenth Amendments protect the opportunity for public employees to raise matters of public interest (as opposed to individual employment disputes) publicly without adverse job consequences. See Connick v. Myers, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983).” (Supra, at 1045-1046.)

. For example, as regards an employee subject to dismissal under a binding arbitration provision or other disciplinary procedure in a collective bargaining agreement or under Civil Service Law § 75, the arbitrator may, if appropriate "reinstate the employee with back pay” (Civil Service Law § 75-b [3] [a]).