■ In the Matter of BARRIER MOTOR FUELS, INC., Appellant, v JOSEPH BOARDMAN et al., Respondents. [681 NYS2d 594] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Regional Director of the New York State Department of Tranportation to breach a contract with the petitioner to restore and reopen two service stations, the petitioner appeals from a judgment of the Supreme Court, Westchester County (LaCava, J.), entered December 19, 1997, which granted the respondents' cross motion to dismiss the proceeding on the ground that the court lacked subject matter jurisdiction over a contract action brought against a State agency.

Ordered that the judgment is affirmed, with costs.

Between 1990 and 1994, the petitioner Barrier Motor Fuels, Inc. (hereinafter Barrier), negotiated with the New York State Department of Transportation (hereinafter DOT) to lease two State-owned gasoline stations on the Saw Mill River Parkway, where it would construct and operate two new service stations. Both sides went to considerable pre-construction expense, and building was about to begin in the spring of 1997, when the Regional Director of DOT, in response to pressure from local citizens groups and politicians, abruptly put the two projects "on hold". Barrier then brought this CPLR article 78 proceeding, alleging that the State's decision to breach its contract with Barrier was "arbitrary and capricious" (i.e., undertaken solely to allay "irrational" public hostility), and a violation of Barrier's due process rights (because Barrier had not been granted a hearing). Upon the respondents' motion, the court dismissed the petition, finding that Barrier's claim was more properly one for breach of contract. We agree.

It is well established that "[w]hen the damage allegedly sustained arises from a breach of the contract by a public official or governmental body, then the claim must be resolved through the application of traditional rules of contract law" (Abiele Contr. v New York City School Constr. Auth., 91 NY2d 1, 7-8; see also, Matter of Goodstein Constr. Corp. v Gliedman, 117 AD2d 170, 176, affd 69 NY2d 930; Matter of Golomb v Board of Educ., 92 AD2d 256; Matter of Oshinsky v Nicholson, 55 AD2d 619; Matter of Corbeau Constr. Corp. v Board of Educ., 32 AD2d 958). The mere characterization of the behavior of a governmental agency as "arbitrary and capricious," or "in viola-

tion of proper procedure," does not suffice to transform the controversy into one appropriate for CPLR article 78 relief, or to trigger the Supreme Court's jurisdiction over it (*see, e.g., Abiele Contr. v New York City School Constr. Auth., supra*). Rather, the true nature of the claim derives from an assessment of the primary focus of the dispute, as demonstrated by the allegations made and the relief sought.

In the instant proceeding, Barrier is essentially seeking specific performance of a contract and money damages resulting from the State's failure to honor the parties' agreement. Because these are quintessential "breach of contract" allegations, the Supreme Court correctly dismissed Barrier's petition, noting that it may commence an "appropriate action" in the Court of Claims (*see, Abiele Contr. v New York City School Constr. Auth., supra*), which will be limited only to a claim to recover damages for the alleged breach (*see, Amberge v State of New York,* 186 AD2d 962; *Taylor v State of New York,* 160 Misc 2d 120). Miller, J. P., Copertino, Thompson and Friedmann, JJ., concur.