OPINION OF THE COURT
Philip J. Patti, J.
The claim herein was filed on September 16, 2005 seeking declaratory and injunctive relief and monetary damages for claimant pursuant to Civil Service Law, article 5, § 75-b; Labor Law, article 20-C, § 740; the New York State Constitution; prima facie tort, and tortious interference with contract.[1] Numerous defendants, in addition to the State of New York, are named in various official, individual and representative capacities. I have corrected the caption, sua sponte, to reflect the only proper defendant in this court, the State of New York.
The State of New York, in lieu of an answer, has brought the instant motion seeking to dismiss the claim. Defendant notes, and this is without dispute, that an amended complaint based upon the same series of events and seeking the same relief, in addition to certain federal claims for relief not available in the Court of Claims (i.e., 42 USC § 1983), has been filed in the United States District Court for the Western District of New York (motion, exhibit 1).
Rather than addressing those portions of defendant’s motion which contend that claimant has waived her rights and *539 remedies under Labor Law § 740 (7) and that her cause of action relying upon Civil Service Law § 75-b (3) (a) is not viable because she has already commenced an action in federal court and has asserted a pendent state law claim, I focus primarily on the allegations related to the court’s jurisdiction over causes of action pursuant to Civil Service Law § 75-b and Labor Law § 740, generally referred to as the whistleblower’s statutes. The defendant posits that the Court of Claims “has no subject matter jurisdiction over a claim asserted under Civil Service Law § 75-b,” relying upon a decision by Judge John L. Bell in Taylor v State of New York (160 Misc 2d 120 [1994]). Although claimant urges me to decline to follow Taylor, I find its reasoning and result compelling.
In Taylor, Judge Bell reviewed an application for permission to file a late claim (Court of Claims Act § 10 [6]), examined both the statutory history of the whistleblower’s statute and unreported decisions in the Court of Claims, and observed (at 127):
“In New York, the ‘whistleblower’ statutes (Civil Service Law § 75-b; Labor Law § 740) cover situations involving protection to an employee who discloses to a governmental body (Civil Service Law § 75-b) or discloses or threatens to disclose to an employer or public body (Labor Law § 740) information concerning a violation of a law, rule or regulation. The Legislature has thus created causes of action not previously cognizable” (citation omitted)
and concluded (at 130) that:
“Until such time as the Legislature should reexamine Civil Service Law § 75-b and specifically grant to the Court of Claims jurisdiction under such statute, a claimant who contemplates an action under the statute would be well advised to institute an action in the Supreme Court rather than the Court of Claims.”
Thus, based upon the previously recited case law and rules of statutory construction, the court must hold, although reluctantly, that it has no subject matter jurisdiction over a claim asserted under Civil Service Law § 75-b.
More than one dozen years have passed since the Taylor decision, yet claimant is unable to supply a single court decision which contradicts or distinguishes its holding or supports her position. While it may be difficult to research unpublished Court *540 of Claims decisions, since the creation of the Court of Claims word-searchable database (<http://www.nyscourtofclaims. state.ny.us/>) in March 2000, all decisions of significance are posted. It is not surprising that there is a dearth of cases in this court in the aftermath of the Taylor decision (but see Grossman v State of New York, UID No. 2000-001-009, Claim No. 99475, Motion No. M-60986, Read, J.; see Lerner v State of New York, UID No. 2001-016-210, Claim No. 99692, Marin, J. [who found no state constitutional tort violative of free speech where that claimant, a parole officer, communicated with his elected representatives about the alleged unprofessional behavior of his supervisor]).
I agree with Judge Bell that public interest has manifested a desire to protect private and public employees with inside information from retaliatory action when they report a cover-up constituting a violation of a law, rule or regulation. But the analysis in Taylor does not do a disservice to this notion, rather it resolves a more fundamental question in the negative, holding that the State Legislature did not see fit to extend the jurisdiction of the Court of Claims to include claims under Labor Law § 740 or Civil Service Law § 75-b. Lest it go unstated, Labor Law § 740 has not been amended since its inception in 1984, except for an unrelated provision relating to health care employees (L 2002, ch 24 [adding paragraph (4) (d)]). Similarly, Court of Claims Act § 9, jurisdiction and powers of the court, has been amended only twice in the past 22 years, once in 1984 to add subdivision (3-a) for unjust conviction and imprisonment claims, and again in 1989, adding subdivision (9-a) with respect to declaratory judgment actions involving the obligation of insurers to indemnify or defend a defendant in this court. Thus it is clear that the Legislature has chosen to otherwise expand the jurisdiction of the Court of Claims, and it certainly did not respond to the result articulated in Taylor.
Since I conclude that this court has no subject matter jurisdiction under the cited provisions of Labor Law § 740 or Civil Service Law § 75-b, the defendant’s motion to dismiss this cause of action must be granted. It therefore is unnecessary to address defendant’s arguments, inter alia, relating to claimant’s alleged jurisdictional impediment of having failed to commence a CPLR article 78 proceeding.
Next, the defendant seeks to dismiss the cause of action sounding in violation of the New York State Constitution. There are several grounds upon which the State relies, including the *541 failure to specify the provision(s) of the State Constitution allegedly violated and case law which suggests that a state constitutional tort will not lie where an alternative remedy exists (Brown v State of New York, 89 NY2d 172 [1996]; Remley v State of New York, 174 Misc 2d 523 [1997]; see also Augat v State of New York, 244 AD2d 835, 837 [1997], lv denied 91 NY2d 814 [1998]).
Preliminarily, I address the defendant’s contention that the causes of action sounding in state constitutional tort is untimely. A brief chronological retrospective, reciting undisputed facts, will prove instructive. Claimant was terminated as secretary to Monroe County Family Court Judge Dandrea L. Ruhlmann on September 20, 2004, effective October 18, 2004 (claim 1111160, 161). On December 1, 2004, within 90 days thereof (Court of Claims Act § 10 [3]), a document denominated “Notice of Claim (Second) Amended” was served upon the defendant (motion, exhibit 3). That same document was contemporaneously submitted to the Clerk of the Court of Claims for filing purposes, with a filing fee, but the parties thereupon advised the Clerk that this document was intended to be a notice of intention to file a claim (notice of intention), and, since such documents are not filed with the Clerk, it was returned to the claimant (motion, exhibit 4). The claim herein, which the instant motion seeks to dismiss in lieu of an answer, was filed on September 16, 2005.
It is not disputed that the notice of intention did not allege or assert a cause of action for a purported violation of the New York State Constitution. But claimant urges that although she “failed to directly name the State Constitutional tort claim in her timely filed Notice of Intent, claimant’s omission does not prejudice the State because defendant had notice of the essential facts of the claim prior to the expiration of the 90-day claim period.”
The issue is not, as claimant urges, whether the claim asserting a state constitutional tort cause of action is timely if it is served and filed within the three-year limitations period provided in CPLR 214 (5), and it is not whether the defendant had notice of the underlying facts, but rather that the cause of action alleging a state constitutional tort was not asserted, and thus not preserved, in the notice of intention.[2] I have previously addressed this very issue. In a proceeding with arguably *542 indistinguishable legal issues from the instant matter, where the claim alleged a state constitutional tort while the notice of intention failed to do so, I was compelled to dismiss the action, an excruciatingly difficult decision (Markowitz v State of New York, UID No. 2005-013-028, Claim No. 105735, Motion Nos. M-69674, CM-69724, Patti, J. [appeal pending, to be argued Jan. 2007, 4th Dept]; see also Arroyo v State of New York, UID No. 2002-016-041, Claim No. 103695, Motion No. M-64501, Marin, J.). Nothing distinguishes the instant matter from Markowitz, and since these allegations were not asserted within 90 days of accrual as required by Court of Claims Act § 10 (3) or (3-b), the defendant’s motion seeking dismissal of the state constitutional tort cause of action as being untimely must be granted.
The remaining portion of the defendant’s motion seeks dismissal of the cause of action alleging prima facie tort for the failure to state a cause of action (CPLR 3211 [a] [7]). The requisite elements of a cause of action for prima facie tort are: (1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, (4) by an act or series of acts which would otherwise be lawful (Curiano v Suozzi, 63 NY2d 113, 117 [1984]; Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 332 [1983]). A critical element of the cause of action is that plaintiff suffered specific and measurable loss, which requires an allegation of special damages (see, Curiano v Suozzi, supra at 117; ATI, Inc. v Ruder & Finn, 42 NY2d 454, 458 [1977]; Morrison v National Broadcasting Co., 19 NY2d 453, 458 [1967]; Nichols v Item Publs., 309 NY 596, 602 [1956]; Susskind v Ipco Hosp. Supply Corp., 49 AD2d 915 [1975]; Freihofer v Hearst Corp., 65 NY2d 135, 142-143 [1985]).
The cause of action sounding in prima facie tort fails to allege two of the essential elements, malice and special damages. As to malice, claimant acknowledges that she did not specifically plead the same, but urges that she set forth facts sufficient to support such a claim (referencing ¶¶ 134-140, 186-195). However, in the matter that she cites in support of that proposition, which noted that “where [a] complaint fails to allege facts sufficient to support a claim of malice, it is subject to [dismissal]” (Smith v County of Livingston, 69 AD2d 993, 994 [1979]), the complaint was dismissed because the plaintiff did not present any factual allegations of malice or ill will on the part of the defendants (Mil *543 ler v Beck, 82 AD2d 912, 913 [1981]). Indeed, the Appellate Division, Fourth Department, cited Miller for the proposition that the failure to present sufficient factual allegations that defendants were motivated by actual malice supported dismissal (Sclar v Fayetteville-Manlius School Dist., 300 AD2d 1115 [2002]).
Of course claimant is entitled to have her claim viewed in the light most favorable to her, but
“there is no recovery in prima facie tort unless malevolence is the sole motive for defendant’s otherwise lawful act or, in Justice Holmes’ characteristically colorful language, unless defendant acts from ‘disinterested malevolence,’ by which is meant ‘that the genesis which will make a lawful act unlawful must be a malicious one unmixed with any other and exclusively directed to injury and damage of another’ (Beardsley v Kilmer, 236 NY 80, 90).” (Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 333 [1983] [citations omitted].)
My review of the claim here does not permit the inference of actual malice or implied disinterested malevolence.
The second infirmity, the failure to allege special damages with the required specificity (see Freihofer v Hearst Corp., 65 NY2d 135 [1985], supra; DiSanto v Forsyth, 258 AD2d 497 [1999]; Levy v Coates, 286 AD2d 424, 424-425 [2001]), “fully and accurately stated with sufficient particularity as to identify and causally relate the actual losses to the allegedly tortious acts” (Broadway & 67th St. Corp. v City of New York, 100 AD2d 478, 486 [1984]), would entitle the defendant to summary judgment in its favor (Hays v Penn Traffic Co., 270 AD2d 941 [2000]; Lincoln First Bank of Rochester v Siegel, 60 AD2d 270 [1977]). Claimant plaintively urges that she has alleged “what her damages are not going to exceed” but such a generalized ad damnum clause cannot serve to meet the particularity and specificity that case law demands. Alternatively, claimant requests the opportunity to replead and thus particularize special damages, but her reliance upon Firester v Lipson (50 Misc 2d 527 [1966]) is misplaced, as that trial court granted partial summary judgment as to three subparagraphs, albeit allowing the opportunity to replead special damages, but only after finding that special damages had been sufficiently alleged in one subparagraph.
*544 Accordingly, the motion to dismiss the cause of action sounding in prima facie tort is granted in accordance with the above, and thus I do not address defendant’s arguments that “public policy prohibits the maintenance of a suit against the State or, by extension, an official acting in his or her official capacity for prima facie tort (see, Van Buskirk v Bleiler, 46 AD2d 707, 707-708 [1974])” (Cavanaugh v Doherty, 243 AD2d 92, 101 [1998]).
In granting the motion and dismissing the claim, it is not necessary to resolve all the grounds for dismissal raised by the defendant. But I will observe that it is a matter of public policy that punitive damages are not available against the State of New York (Sharapata v Town of Islip, 56 NY2d 332 [1982]) and that, generally speaking, costs, witnesses’ fees, disbursements and attorney’s fees are statutorily proscribed (Court of Claims Act § 27).
Regardless, as noted above, the motion is granted to the extent noted, and the claim is dismissed.

. Claimant has since withdrawn her cause of action for tortious interference with contract in footnote 1 of her memorandum of law in opposition to the motion to dismiss.

. The notice of intention references only the Civil Rights Act, as amended, 42 USC §§ 1983, 1985 (1Í 3) and 42 USC § 1988 (1153). The claim makes no reference to federal law, alleges only unspecified violations of the New York State *542 Constitution (¶¶, 199) and repetitively alleges violation of unspecified generic constitutional rights in paragraphs 165-175 and 177-181.