*1040 OPINION OF THE COURT
Richard M. Platkin, J.
Defendant New York State Department of Health (DOH) moves pursuant to CPLR 3211 (a) (2) and (7) seeking dismissal of the complaint filed by plaintiff Donna L.N. Wang.
Background
Plaintiff has been employed by DOH since January 2001 as a health care surveyor. She also is a member of the United States Army Reserves and was ordered to active military duty in spring 2008. Plaintiff returned to her employment with DOH in July 2008, at which point she alleges that she was subjected to significant changes to her work environment. Ms. Wang claims that she was assigned a greater volume of cases than other employees, assigned less desirable cases, and given less time than others to complete her work. Plaintiff further alleges that she was advised that her military duty might impact upon her ability to take vacation time. In addition, Ms. Wang alleges harassment at the hands of three coworkers, two of whom are (or were) her supervisors.
This hostile work environment allegedly led plaintiff to treat with a physician, with complaints of anxiety, stress, and depression. In January 2010, plaintiffs physician removed her from work. Plaintiff filed a claim for workers’ compensation based on the alleged harassment and retaliation. By decision dated November 1, 2010, the Workers’ Compensation Board found that plaintiff was singled out, harassed, and retaliated against due to her military service.
DOH sent plaintiff a 30-day advance notice of termination on or about February 8, 2011. However, as of the date of the instant motion practice, DOH has not terminated plaintiff from employment. It appears instead that on or about May 2, 2011, subsequent to the commencement of this action, plaintiff returned to work at DOH in a different division performing different duties.
This action is brought pursuant to the Uniform Services Employment and Reemployment Rights Act (USERRA) (38 USC § 4301 et seq.) and Military Law § 242, seeking the following relief: an injunction restraining DOH from terminating plaintiffs employment; an order directing DOH to comply with USERRA; reinstatement of full benefits and seniority rights; compensation for lost wages; and an award of attorney’s fees and costs.
*1041 Analysis
A. Counts One through Eight
DOH moves pursuant to CPLR 3211 (a) (2) to dismiss the first eight counts of the complaint alleging violations of USERRA, maintaining that Supreme Court lacks subject matter jurisdiction. DOH asserts that these claims are strictly for money damages and, therefore, must be heard in the New York State Court of Claims. In opposition to this branch of the motion, plaintiff argues that any money damages sought are merely incidental to the equitable relief that she properly seeks in Supreme Court.
“The Court of Claims has exclusive jurisdiction over actions for money damages against State agencies, departments, and employees acting in their official capacity in the exercise of governmental functions” (Dinerman v NYS Lottery, 58 AD3d 669 [2d Dept 2009]).
“If the fundamental nature of a claim against the State is for monetary damages, the court can consider equitable relief incidental thereto. However, if the primary relief sought by claimant is equitable in nature, the Court of Claims, at least in the absence of specific statutory authority, does not have subject matter jurisdiction” (Taylor v State of New York, 160 Misc 2d 120, 123 [Ct Cl 1994] [citations omitted]).
Thus, “the threshold question is whether the essential nature of [plaintiff’s] claim is to recover money, or whether the monetary relief is incidental to the primary claim” (City of New York v State of New York, 46 AD3d 1168, 1169 [3d Dept 2007] [internal quotation marks and brackets omitted]).
As pertinent here, USERRA confers upon members of the military the right to return to their civilian employment following active duty and prohibits employers from discriminating or retaliating against employees on account of their military service (see generally 38 USC § 4311). The following relief is available under USERRA:
“(A) The court may require the employer to comply with the provisions of this chapter.
“(B) The court may require the employer to compensate the person for any loss of wages or benefits suffered by reason of such employer’s failure to comply with the provisions of this chapter.
*1042 “(C) The court may require the employer to pay the person an amount equal to the amount referred to in subparagraph (B) as liquidated damages, if the court determines that the employer’s failure to comply with the provisions of this chapter was willful.” (Id. § 4323 [d] [1].)
In addition, USERRA provides as follows:
“(3) A State shall be subject to the same remedies, including prejudgment interest, as may be imposed upon any private employer under this section.
“(e) . . . The court shall use, in any case in which the court determines it is appropriate, its full equity powers, including temporary or permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the rights or benefits of persons under this chapter.” (Id. § 4323 [3] [e].)
Defendant acknowledges the availability of equitable relief under USERRA, but argues “that this type of relief is not applicable to the instant action” (defendant’s mem of law at 3). However, plaintiffs verified complaint does, in fact, seek “an order requiring compliance.” Moreover, DOH’s factual assertions regarding plaintiffs current employment status and the agency’s compliance with USERRA are set forth in an affirmation of counsel that has not been shown to be based on personal knowledge (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). Accordingly, the court cannot say as a matter of law in the context of a pre-answer motion to dismiss that plaintiff has no colorable claim to equitable relief.
The court further concludes that Supreme Court has jurisdiction to hear and determine plaintiff’s demand for lost wages and benefits suffered by reason of DOH’s alleged failure to comply with USERRA, as well as her demand for attorney’s fees, expert witness fees and other litigation expenses. In reaching this conclusion, the court relies upon the substantial similarities between the remedies available under USERRA and those available under the State’s “whistleblower” statutes. The prong of USERRA requiring an employer to “compensate the [military member] for any loss of wages or benefits suffered” (38 USC § 4323 [d] [1] [B]) is substantially similar to “the compensation for lost wages, benefits and other remuneration” authorized under Labor Law § 740 (5) (d), which is made applicable to public employers, including the State of New York, by Civil Service Law § 75-b. And the prong of USERRA authoriz *1043 ing a prevailing plaintiff to recover attorney’s fees and other litigation expenses is substantially similar to Labor Law § 740 (5) (e), which authorizes “the payment by the employer of reasonable costs, disbursements, and attorney’s fees.”
In Taylor v State of New York (160 Misc 2d 120, 123 [Ct Cl 1994, Bell, J.]), the Court of Claims explained that it lacked subject matter jurisdiction over whistleblower claims under Civil Service Law § 75-b, reasoning that “elements, including ‘compensation for lost wages, benefits and seniority rights’ are all equitable in nature and, consistent therewith, the relief requested ... is entirely equitable” (accord Keskin v State of New York, 14 Misc 3d 537 [Ct Cl 2006, Patti, J.]).[1] This is in contrast to the New York State Human Rights Law, an anti-discrimination statute that authorizes plaintiffs to obtain compensatory damages (see Executive Law § 297 [4] [c] [iii] [“awarding of compensatory damages to the person aggrieved by such practice”]). This court finds the reasoning of the cited Court of Claims decisions to be sound and persuasive.[2]
However, plaintiffs demand for liquidated damages, the subject of the eighth cause of action, falls outside the jurisdiction of Supreme Court. This branch of USERRA, which authorizes double damages upon a finding that the employer’s actions were “willful,” may be analogized to the similar liquidated damages provision of the Age Discrimination in Employment Act (29 USC § 626 [b]). The United States Supreme Court has characterized this type of damages to be punitive in nature (Trans World Airlines, Inc. v Thurston, 469 US 111, 125 [1985]), and at least one federal district court has held that such a claim seeks a legal, rather than equitable, remedy (Duarte v Agilent Tech., Inc., 366 F Supp 2d 1036, 1037-1038 [D Colo 2005]). Based on the foregoing, the essential nature of plaintiffs eighth cause of action must be deemed a claim at law to recover money damages against the State that is not merely incidental to equitable relief. Accordingly, the eighth cause of action must be dismissed for lack of subject matter jurisdiction.[3]
*1044 B. Counts 9 through 15
DOH moves pursuant to CPLR 3211 (a) (7) to dismiss the ninth through fifteenth counts of the verified complaint, which allege violations of Military Law § 242, for failure to state a cause of action. To state a viable claim pursuant to the cited statute, the complaint must allege that plaintiff was
“subjected, directly or indirectly, to any loss or diminution of time service, increment, vacation or holiday privileges, or any other right or privilege, by reason of such absence, or be prejudiced, by reason of such absence, with reference to continuance in . . . employment . . . re-employment, reinstatement, transfer or promotion” (Military Law § 242 [4]).
Under CPLR 3211 (a) (7), “the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference” (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Berry v Ambulance Serv. of Fulton County, Inc., 39 AD3d 1123, 1124 [3d Dept 2007]). On such a motion, the court’s sole inquiry is whether the facts alleged in the complaint fit within any cognizable legal theory, not whether there is evidentiary support for the complaint (see Leon, 84 NY2d at 87-88; see Brooks v Key Trust Co. N.A., 26 AD3d 628, 630 [3d Dept 2006], lv dismissed 6 NY3d 891 [2006]). Furthermore, “[w]hile affidavits may be considered, . . . they are generally intended to remedy pleading defects and not to offer evidentiary support for properly pleaded claims” (Nonnon v City of New York, 9 NY3d 825, 827 [2007]).
With respect to the tenth cause of action, DOH argues that any alleged loss of vacation or holiday privileges occurred after January of 2010 (complaint 1Í 28), more than two years after plaintiffs spring 2008 military leave. On that basis, DOH asserts that the military service could not have been the cause of the claimed injury. The court disagrees. The allegations of plaintiffs complaint must be accepted as true as this early stage of the case, and they are not so farfetched or “inherently incredible” as to be unworthy of acceptance (1455 Washington Ave. Assoc. v Rose & Kiernan, 260 AD2d 770, 771 [3d Dept 1999]).
However, the court reaches a different conclusion with respect to count 14, which alleges that plaintiff was terminated *1045 from her position as of March 24, 2011 due to her military service. As the record flatly contradicts this allegation, this cause of action must be dismissed.
As to the remaining causes of action, DOH merely argues that plaintiffs allegations are “conclusory, incomplete, and vague to such a degree that they cannot state a cause of action.” However, these claims specifically allege, among other things, that plaintiff was denied mileage reimbursement, removed from an “on-call” list, and given more work with shorter deadlines. As such, plaintiff has pleaded “the diminution of a public employee’s employment rights by reason of the employee’s absence pursuant to ordered military duty” (Hogan v New York State Off. of Mental Health, 115 AD2d 638, 639 [2d Dept 1985]) and, therefore, stated claims under Military Law § 242.
Conclusion
Accordingly, it is ordered that defendant’s motion to dismiss is granted to the extent that the eighth and fourteenth causes of action are dismissed and denied in all other respects in accordance with the foregoing; and it is further ordered that within 30 days from the date of this decision and order, the parties shall either: (i) stipulate to a scheduling order with respect to disclosure and the filing of a note of issue, which shall be submitted to the court for approval; or (ii) request a conference with the court for the purpose of establishing a scheduling order.

. Insofar as plaintiff seeks compensatory damages above and beyond the foregoing, this court lacks jurisdiction over such a claim.

. The court recognizes, of course, that the State Legislature has since amended the Court of Claims Act to confer jurisdiction on the Court of Claims to hear whistleblower claims.

. In reaching this conclusion, the court is mindful that the State’s waiver of sovereign immunity contained in Court of Claims Act § 8 does not extend to punitive damages (see Sharapata v Town of Islip, 56 NY2d 332 [1982]). *1044 However, the issue here is not whether the State may be sued for liquidated damages under USERRA; it only is whether Supreme Court has subject matter jurisdiction over such a claim.