Trabert v New York State Off. of Mental Health (2025 NY Slip Op 00772)

Trabert v New York State Off. of Mental Health

2025 NY Slip Op 00772

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, DELCONTE, AND HANNAH, JJ.

921 CA 23-01890

[*1]MELISA TRABERT, PLAINTIFF-RESPONDENT,
v
NEW YORK STATE OFFICE OF MENTAL HEALTH, AND HUTCHINGS PSYCHIATRIC CENTER, DEFENDANTS-APPELLANTS. 

LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BLAIR J. GREENWALD OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
GREGORY L. SILVERMAN, ESQ., PLLC, GENEVA (GREGORY L. SILVERMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Onondaga County (Joseph E. Lamendola, J.), entered September 27, 2023. The order denied defendants' motion to dismiss the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the first cause of action and as modified the order is affirmed without costs.
Memorandum: Plaintiff was employed as a risk manager at defendant Hutchings Psychiatric Center (HPC). Following her resignation, she commenced this whistleblower action against defendant New York State Office of Mental Health and HPC, asserting causes of actions under Labor Law §§ 740 and 741 and Civil Service Law § 75-b. Defendants moved to dismiss the complaint, contending, inter alia, that Supreme Court does not have subject matter jurisdiction over the causes of action set forth in the complaint on the ground that only the Court of Claims has that jurisdiction. The court denied defendants' motion, concluding, inter alia, that it has subject matter jurisdiction over the causes of action in the complaint. Defendants appeal.
In 2010, the New York State Legislature amended the Court of Claims Act to provide that the Court of Claims "shall have jurisdiction . . . [t]o hear and determine a claim of any person against the state for a retaliatory personnel action by its officers or employees pursuant to [Civil Service Law § 75-b] or [Labor Law § 740]" (Court of Claims Act § 9 [13]). Defendants contend that the statute provides for exclusive jurisdiction. We reject that contention. The legislature, in enacting the amendment, responded to concerns raised by the Court of Claims that it did not have jurisdiction over claims asserted under whistleblower statutes (see Sponsor's Mem, Bill Jacket, L 2010, ch 316; see also Keskin v State of New York, 14 Misc 3d 537, 540 [Ct Cl 2006]; Taylor v State of New York, 160 Misc 2d 120, 130 [Ct Cl 1994]). We conclude, based upon the legislative history, including the concern raised to the legislature that the proposed language would encourage forum shopping, that the legislature, in providing the Court of Claims jurisdiction, did not strip the Supreme Court of its jurisdiction to hear these cases (see Div of the Budget Bill Mem, Bill Jacket, L 2010, ch 316 at 8; Mem of Dept of Civ Serv, Bill Jacket, L 2010, ch 316 at 13; Letter from Dept of Labor, Bill Jacket, L 2010, ch 316 at 14; cf. Ajoku v New York State Off. of Temporary & Disability Assistance, 198 AD3d 437, 437 [1st Dept 2021], lv denied 38 NY3d 908 [2022]). The court properly determined that it has subject matter jurisdiction over the causes of action asserted in the complaint.
Defendants alternatively contend on appeal that plaintiff's cause of action under Labor Law § 740 should be dismissed because it applies only to private sector employers. Plaintiff does not oppose the dismissal of that cause of action and we therefore modify the order by [*2]granting the motion in part and dismissing the first cause of action.
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court