**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Leonel SALINAS, Jr., Defendant–Appellant.**

**No. 90–2427.**

United States Court of Appeals, Fifth Circuit.

March 4, 1992.

Michael A. Maness, Houston, Tex., for defendant-appellant.

Paula C. Offenhauser, Asst. U.S. Atty., Ronald G. Woods, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before REAVLEY, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

Leonel Salinas, Jr. (Salinas) was indicted in a two count indictment and found guilty by the jury on both counts. Count One charged that he made false declarations to the Grand Jury on April 12, 1989 when he testified that he "did not see, meet or speak with Fermin Cabello the weekend of December 10–11, 1988", when, in fact, he had met with, spoke to, and saw Fermin Cabello on such weekend. Count Two of the indictment charged Salinas with misprision of felony in that

> ... having knowledge of the actual commission of a felony to wit:
>
> 1. The possession of a firearm, that travelled in interstate commerce, by Fermin Cabello, who had previously been convicted of a crime punishable by more than one year. (Title 18 United States Code, Section 924C); and

2. That Fermin Cabello aided and assisted by Eugenio Balderas, Jr., travelled in interstate commerce with the intent that a murder be committed for consideration. (Title 18 United States Code, Section 1958); and

3. That on December 11, 1988, Fermin Cabello, aided and assisted by Eugenio Balderas, Jr., did knowingly and intentionally murder Baldeman Garcia, a federal witness, to prevent Baldeman Garcia from testifying in a United States District Court. (Title 18, United States Code, Section 1512).

and LEONEL SALINAS, JR., did conceal that knowledge by

1. Not informing Special Agent Jimmy Garcia of the Federal Bureau of Investigation on December 27, 1988, when LEONEL SALINAS, JR. was questioned by Special Agents Jimmy Garcia and Thomas Barton concerning the murder of Baldeman Garcia;

2. By not informing United States Grand Jury 89-2 of the felonies when LEONEL SALINAS, JR. testified before that grand jury on April 12, 1989, concerning the murder of Baldeman Garcia;

and he failed to make known the above described felonies to the responsible authority, any judge or other person in civil or military authority under the United States. (Violation: Title 18, United States Code, Section 4).

Salinas appeals to this Court, raising the following points of error:

1. Sufficiency of the evidence to support each count;

2. Whether the count charging misprision of a felony fails to charge an offense;

3. Whether the convictions for making false statements before the grand jury and misprision of a felony constitute a violation of the Double Jeopardy Clause;

4. Whether the district court committed plain error in instructing the jury on the elements of misprision of a felony; and

5. Whether the district court committed plain error in sentencing the defendant to consecutive statutory maximum terms.

For the following reasons, we affirm:

A. *Sufficiency of the Evidence.*

On appeal, we must view the evidence in the light most favorable to the government, with all credibility choices and reasonable inferences to be weighed in favor of the jury verdict. *United States v. Barnhart,* 889 F.2d, 1374, 1379 (5th Cir. 1989). By this test and having reviewed the record, we are satisfied that the evidence is sufficient to sustain the convictions on each of Count One and Count Two.

B. *Sufficiency of the Count Charging Misprision of a Felony.*

Salinas failed to object to the sufficiency of the indictment in the trial court and raises this point for the first time on appeal. Under these circumstances, we read the indictment liberally to be sufficient "unless it is so defective that by any reasonable construction, [it fails to] charge an offense for which the defendant is convicted." *United States v. Wylie,* 919 F.2d 969, 972 (5th Cir.1990) (quoting *United States v. Trollinger,* 415 F.2d 527, 528 (5th Cir.1969) (per curiam)). We do not find the misprision of a felony count so defective.

C. *Double Jeopardy.*

Salinas argues that the jury convicted him on two separate counts but for the same behavior, lying to the grand jury to conceal Cabello's offenses. He cites *United States v. Sampol,* 636 F.2d 621 (D.C.Cir. 1980), which found a double jeopardy violation in counts charging false declarations and one count of misprision of felony. We do not believe *Sampol* is controlling in this case. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1943) lays down the controlling rule for determining whether prohibited double punishment is being imposed for the same offense:

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires

proof of a fact which the other does not. *Id.* at 304, 52 S.Ct. at 182.[1]

Applying this test to the instant case, we are satisfied that Count One requires proof that Salinas did, in fact, meet with Fermin Cabello on the weekend of December 10–11, 1988, which was a fact not required under the proof of Count Two. Similarly, Count Two requires proof of the knowledge by Salinas of the various felonies described therein, which knowledge is not an element of proof under Count One.

**D.** *Instruction on Elements of Misprision.*

■ Since Salinas's counsel did not object at trial to the Court's instructions regarding this Count, our test on review is "plain error" or "fundamental error." In his instructions, the trial judge stated,

> [i]n order to find Mr. Salinas guilty of misprision, you must find, first that a felony was committed by someone other than Leonel Salinas, Jr., that Leonel Salinas, Jr. had actual knowledge of that fact, and that Leonel Salinas, Jr. failed to notify the authorities and further deliberately took an affirmative step to conceal the crime.

We think this instruction would have been clearer if it had expressly referred to the "felonies listed in Count One", rather than simply "a felony"; but, we do not think this is "fundamental error" because the trial judge referred to the felonies charged in the indictment immediately before giving the instruction on concealment of a felony.

**E.** *Correctness of the Sentence.*

■ Salinas argues that the district court erred in sentencing him under Sentencing Guidelines, U.S.S.G. § 2X3.1(a) because even though his perjury related to a murder, he was not implicated in the murder as a principal or accessory after the

fact. U.S.S.G. § 2J1.3(c)(1) states that "if the offense involved perjury or subornation of perjury in respect to a criminal offense, apply § 2X3.1 (Accessory After the Fact) in respect to that criminal offense, ..." Section 2J1.3(c)(1) does not require that the defendant actually be convicted of the underlying offense or as an accessory to the underlying offense. The district court was correct, therefore, in applying § 2X3.1(a) for perjury relating to a criminal offense.

The judgment is AFFIRMED.

1. In *United States v. Farmigoni,* 934 F.2d 63, this Court recognized that *Grady v. Corbin,* 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990) "markedly extended the *Blockburger* doctrine to bar subsequent prosecutions 'in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prose-

cuted.'" *Id.* at 65 (quoting *Grady,* 110 S.Ct. at 2093). However, this court has also held that the *Grady* standard is applicable only to cases involving subsequent prosecutions and not to multiple punishment cases. *United States v. Devine* 934 F.2d 1325, 1344 (5th Cir.1991) (quoting *United States v. Ortiz–Alarcon,* 917 F.2d 651, 653 (1st Cir.1990)).