■ MICHAEL HOFFMAN, Respondent, v ALTANA, INC., Appellant. [603 NYS2d 499] —In an action to recover damages for

wrongful termination of employment pursuant to Labor Law § 740, the defendant appeals (1) from an order of the Supreme Court, Nassau County (Roberto, J.), entered August 14, 1991, which denied its motion for summary judgment, and (2) as limited by its brief, from so much of an order of the same court, dated May 6, 1993, as upon renewal, adhered to the original determination denying its motion for summary judgment.

Ordered that the appeal from the order entered August 14, 1991, is dismissed, without costs or disbursements, as that order was superseded by the order dated May 6, 1993, made upon renewal; and it is further,

Ordered that the order dated May 6, 1993, is modified, on the law, by deleting the provision thereof which denied that branch of the defendant's motion which was to strike the plaintiff's claims for anticipated lost wages, anticipated lost overtime compensation, the value of anticipated lost benefits, and punitive damages, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated May 6, 1993, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered August 14, 1991, is modified accordingly.

We find that by enumerating the relief which a court may grant in an action pursuant to Labor Law § 740, the Legislature intended to make such relief the exclusive remedies available to a successful plaintiff (see, Labor Law § 740 [5]). Since Labor Law § 740 (5) does not authorize recovery for loss of anticipated lost wages, anticipated lost overtime compensation, the value of anticipated lost benefits and punitive damages, those claims, as asserted in the plaintiff's complaint, must be dismissed. We agree with the Supreme Court, however, that triable issues of fact exist with respect to the plaintiff's allegations of wrongful termination of employment under Labor Law § 740, thereby precluding granting summary judgment dismissing the complaint in its entirety.

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Miller, Lawrence and Copertino, JJ., concur.