51 F.3d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rose Ann COOPER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-6426.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1995.
 
 1
 Before: KENNEDY and DAUGHTREY, Circuit Judges; and CLELAND, District Judge.*
 
 ORDER
 
 2
 Rose Ann Cooper, a federal prisoner, appeals a district court judgment denying her motion to vacate, set aside, or correct her sentence, filed under 28 U.S.C. Sec. 2255. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Cooper was indicted in September 1992 on five counts of perjury in relation to testimony she presented before a grand jury investigating a conspiracy to engage in gambling, racketeering, and money laundering. In a separate indictment, she was charged with one count of gambling and one count of conspiracy to engage in gambling, racketeering, and money laundering. A jury convicted Cooper of the perjury charges in February 1993, and she was sentenced on May 4, 1993, to 24 months in prison. She did not take a direct appeal and began serving her sentence in September 1993. Cooper was acquitted in April 1994 of the separate gambling and conspiracy charges.
 
 
 4
 In her motion to vacate, Cooper presented two grounds for relief: (1) her acquittal on the underlying offense requires that her perjury sentence be vacated, and (2) she was improperly sentenced according to USSG Sec. 2X3.1 as an accessory after the fact. Her memorandum in support of her motion to vacate offered ineffective assistance of counsel as cause for her failure to challenge her sentence in a direct appeal. The district court denied Cooper's motion in an order filed on September 6, 1994. A separate judgment was entered on September 19, 1994. On appeal, Cooper continues to argue the merits of her grounds for relief.
 
 
 5
 Upon careful review, we affirm the district court's judgment because Cooper was not improperly sentenced. To prevail under Sec. 2255, a defendant must show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 6
 Initially, it is noted that the district court considered the merits of Cooper's sentencing issues without first addressing her failure to raise them on direct appeal. See Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976); United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992) (per curiam) (nonconstitutional claims, including a district court's technical application of the sentencing guidelines, that could have been raised on direct appeal, may not be asserted in a collateral proceeding). A defendant is held to a higher standard of proof if he challenges his sentence in a motion to vacate. See United States v. Frady, 456 U.S. 152, 165 (1982). In order to even have the issue considered on the merits, the movant must show cause for his failure to bring the direct appeal and actual prejudice. Id. at 167-68; Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993).
 
 
 7
 As cause, Cooper argues that her attorney was ineffective on appeal because, although he did inform Cooper of her right to appeal her conviction and sentence, he did not explain to her the advantages of an appeal or the risks inherent in opting not to pursue an appeal. Ineffective assistance of counsel may constitute cause. Murray v. Carrier, 477 U.S. 478, 488 (1986); Ratliff, 999 F.2d at 1026. To establish ineffective assistance of appellate counsel, it must be shown that counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). We need not decide the ineffectiveness of counsel since we agree that Cooper's sentencing guidelines issues are meritless for the reasons stated by the district court.
 
 
 8
 Cooper first argues that, because she was subsequently acquitted of the substantive charges which grew out of the grand jury's investigation, her perjury sentence must be vacated. This argument has been clearly rejected by this circuit, which held that a defendant need not have been convicted of the underlying offense which prompted the perjury in order to invoke Sec. 2X3.1(a). United States v. Colbert, 977 F.2d 203, 208 (6th Cir.1992). See also United States v. Salinas, 956 F.2d 80, 83 (5th Cir.1992); USSG Sec. 2J1.3, comment. (n. 3). Cooper asks this panel to overrule Colbert. This may only be done by the court sitting en banc. See United States v. Warren, 973 F.2d 1304, 1309 (6th Cir.1992); Salmi v. Secretary of Health and Human Servs., 774 F.2d 685, 689 (6th Cir.1985).
 
 
 9
 Secondly, Cooper maintains that she was improperly sentenced under Sec. 2X3.1 as an accessory after the fact. This argument is without merit because, as explained by the district court, Cooper was not sentenced as an accessory after the fact. Instead, she was properly sentenced for perjury relating to a criminal offense under Sec. 2J1.3(c) which merely cross-references the formula found in Sec. 2X3.1. See Salinas, 956 F.2d at 83.
 
 
 10
 For these reasons, whether Cooper's appeal is analyzed directly on the merits or under the second prong of the cause and prejudice test, the district court correctly concluded that Cooper is not entitled to relief under Sec. 2255.
 
 
 11
 Accordingly, the district court's judgment, entered on September 19, 1994, is affirmed.
 
 
 
 *
 The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation