UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 95-5716

MICHAEL PERRY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CR-95-145-A)

Submitted: May 31, 1996

Decided: July 22, 1996

Before NIEMEYER and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul P. Vangellow, Falls Church, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Elizabeth A. Hyman, Special Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Michael Perry pled guilty to one count of making false statements in violation of 18 U.S.C.A. § 1623(c) (West 1984 & Supp. 1996). He received the maximum statutory sentence of 60 months. He appeals this sentence, contending that the district court erred in applying a cross-reference in the applicable sentencing guideline. United States Sentencing Commission, Guidelines Manual§ 2J1.3(c) (Nov. 1994). We affirm.

Perry was confined in the lower left tier of Cell Block 4 in the Maximum Security Facility of Lorton Reformatory on March 13, 1993, when inmate Michael Martin was stabbed to death there. Martin was outside his cell during his recreation time. The other two inmates who were also out of their cells were James Cowan and Alphonso White. Both were ultimately charged and convicted in the murder of Martin. Perry and Cowan had been friends since they were juveniles.

During the investigation of the homicide, Perry was interviewed by agents of the Federal Bureau of Investigation (FBI) and said he knew nothing about the murder. He testified before a grand jury that he had hung a sheet over the bars of his cell that evening and neither saw nor heard anything. Before Cowan and White went to trial, their attorneys interviewed Perry, who told them he had witnessed the murder and that Martin had initiated the conflict by attacking Cowan with a knife. Perry testified to that effect at the trial of Cowan and White, although he was warned by FBI Agent Daniel Sparks and by his appointed attorney and the trial judge that if his testimony was different from that given before the grand jury he could be prosecuted for perjury.

Perry was subsequently charged with making irreconcilably contradictory declarations under oath in violation of 18 U.S.C.A. § 1623(c). He went to trial, but entered a guilty plea before the jury's verdict. The applicable guideline was USSG § 2J1.3 (Perjury). The probation officer recommended that the cross-reference to USSG§ 2X3.1 (Accessory After the Fact) should be applied because the offense involved perjury in respect to a criminal offense. See USSG § 2J1.3(c)(1). The effect was to increase Perry's base offense level

2

from 12 to 30. The probation officer recommended a 2-level reduction for acceptance of responsibility. Because Perry was in criminal history category III, his guideline range was 60 months, the statutory maximum sentence for a violation of § 1623.

Perry objected that the cross-reference should not be applied because he was not an accessory after the fact, i.e., he did not testify falsely to hinder the trial of Cowan and White. He asserted that his motive for lying before the grand jury was simply a desire not to get involved and he had later decided to tell the truth when subpoenaed by Cowan and White. See USSG § 2J1.2 (Obstruction of Justice), comment. (backg'd) (cross-reference provided because"conduct covered by this guideline is frequently part of an effort to avoid punishment for an offense that the defendant has committed or to assist another person to escape punishment for an offense"). At the sentencing hearing, the district court found that the probation officer had properly calculated the guideline range and sentenced Perry to 60 months imprisonment.

On appeal, Perry argues that the cross-reference should not apply because the facts do not support the district court's conclusion that his trial testimony was false and intended to obstruct the prosecution of Cowan and White; in other words, he asserts that the district court's conclusion was incorrect because he was not actually an accessory after the fact. However, Perry pleaded guilty to having committed perjury in one of his two contradictory statements. Both of them were made in respect to a criminal offense. Therefore, the cross-reference clearly applied whether or not Perry was in reality an accessory after the fact. See United States v. Glover, 52 F.3d 283, 285-86 (10th Cir. 1995). The district court did not err in applying the cross-reference.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED