IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40483

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ALBERTO MARTINEZ,
also known as Alfredo Martinez,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

February 13, 1997

Before HIGGINBOTHAM, SMITH, and BARKSDALE, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

The government appeals the sentence given to Alberto Martinez stating that the district court incorrectly applied the sentencing guidelines to determine the base offense level for perjury in relation to a criminal offense. We conclude that a conviction on the underlying offense is not required, vacate the sentence and remand for resentencing consistent with this opinion.

I.

At an initial hearing on charges of possession with intent to distribute 1,000 kilograms of marijuana, Alberto Martinez identified himself as Alfredo Martinez, his brother, in order to conceal his past criminal record. He later pled guilty to perjury in exchange for the dismissal of the possession charges. At his

sentencing hearing, the government objected to the pre-sentencing report's recommendation that Martinez be sentenced under § 2J1.3(a), which provides a base offense level of 12 for perjury. The government argued that the court should have followed § 2J1.3(c)(1), which provides that "[i]f the offense involved perjury . . . in respect to a criminal offense," the court should apply § 2X3.1. Under § 2X3.1, Martinez' base offense level would have been "six levels lower than the offense level for the underlying offense," or 26. Note 1 to § 2X3.1 defines "underlying offense" as "the offense as to which the defendant is convicted of being an accessory." The district court found that Martinez committed perjury and that his perjury was related to the offense of possession, but refused to calculate his sentence under § 2X3.1 because it believed that § 2X3.1 required that the defendant be convicted of the underlying offense.

## II.

In United States v. Salinas, 956 F.2d 80 (5th Cir. 1992), a panel of this court held that the defendant was properly sentenced under § 2X3.1 even though he was not charged with committing or being an accessory after the fact to the underlying offense. The panel in Salinas stated that "[s]ection 2J1.3(c)(1) does not require that the defendant actually be convicted of the underlying offense or as an accessory to the underlying offense." 956 F.2d at 83.

Martinez argues that because note 1 to § 2X3.1 has been amended since this court's decision in Salinas, we should revisit

our holding in that case.  The 1989 amendment to § 2X3.1 changed the definition of "underlying offense" from "the offense as to which the defendant was an accessory" to "the offense as to which the defendant is <u>convicted</u> of being an accessory."  Martinez' argument fails.  The <u>Salinas</u> panel's reasoning did not depend on the language in the notes of § 2X3.1.  Instead, the panel looked to the unambiguous language of § 2J1.3(c)(1), which states that 2X3.1 should apply "if the offense involved perjury or subornation of perjury in respect to a criminal offense," to determine that the district court properly calculated the defendant's sentence under § 2X3.1.  The 1989 amendment to § 2X3.1 did not change the precedential value of <u>Salinas</u>.

The reasoning in <u>Salinas</u> not only controls, it is sound.  The application notes of § 2X3.1 relate to the substantive crime of accessory after the fact.  The unambiguous language of § 2X3.1 note 1 states that the underlying offense means "the offense as to which the defendant is <u>convicted of being an accessory</u>."  This note clearly directs the court to the proper base offense level to use if the defendant has been convicted of being an accessory under § 2X3.1.  In this case, however, the guidelines merely borrow the formula in § 2X3.1 to treat a defendant who has perjured himself in relation to a criminal offense as if he was convicted of being an accessory.

Further, § 2X3.1 should not be interpreted to require a conviction on the underlying offense in order for the cross-reference to apply because the scenario of a defendant convicted of

3

a crime who also perjured himself during his trial has been addressed separately by the guidelines. Section 2J1.3 note 3 states that "[i]n the event that the defendant is convicted under this section as well as for the underlying offense," the sentencing judge should refer to the chapter on obstruction. Section 3C1.1 in that chapter provides that "[i]f the defendant willfully obstructed or impeded . . . the administration of justice," the court should "increase the offense level by 2 levels." Section 3C1.1 note 3 describes the types of conduct to which this enhancement applies, and includes, "committing, suborning, or attempting to suborn perjury." Because the guidelines already provide a method for calculating the total offense level where a defendant has perjured himself in relation to an offense he was eventually convicted of, we decline to interpret § 2X3.1 to duplicate it. The result would be two different ways to sentence the same defendant, a frustration of the guidelines' mission of consistency in sentencing.

Other circuits agree with Salinas. See, e.g., United States v. Perry, 1996 WL 406244, at **2 (4th Cir. July 22, 1996)(unpublished)(stating that § 2J1.3(c)(1) applied regardless of whether the prisoner was in reality an accessory after the fact); United States v. Rude, 88 F.3d 1538, 1543 (9th Cir. 1996), cert. denied, 117 S. Ct. 690 (1997)(stating that § 2J1.3(c)(1) does not require that perjury be committed "in respect to an adjudicated offense . . . so long as the defendant knew or had reason to know, at the time of his perjury, that his [perjury] concerned such a criminal offense"); United States v. Glover, 52 F.3d 283, 285-86

(10th Cir. 1995)(stating that § 2J1.3(c)(1) does not require a conviction on the underlying charge); <u>United States v. Gay</u>, 44 F.3d 93, 94-95 (2d Cir. 1994)(stating that defendant's acquittal of being an accessory did not prevent sentencing under 2J1.3(c)(1)).

Martinez also argues that 2J1.3(c)(1) is vague and therefore this court should apply the rule of lenity and interpret the guidelines in his favor. As we have shown, 2J1.3(c)(1) is not hopelessly ambiguous and therefore this court need not apply the rule of lenity stated in <u>Ladner v. United States</u>, 358 U.S. 169, 178 (1958).

Finally, Martinez urges that there was insufficient evidence to support a finding that his perjury was "in respect to a criminal offense." The district court found that if Martinez successfully masqueraded as his brother, he would have been able to secure bond and "obtain the advantages of flight" and he would avoid the use of his own criminal history at trial and at sentencing. This, it held, was enough to find that the perjury was related to the criminal offense in a "very entwined and enmeshed way." Martinez would have us read into 2J1.3(c)(1) the requirement of "a particularly serious offense" or limit its application to where a defendant perjured himself in relation to his guilt. Martinez does not support these arguments, however, and they fall before the plain meaning of "related to a criminal offense."

III.

5

For the foregoing reasons, Martinez' sentence below is vacated and this case remanded to the district court for sentencing consistent with this opinion.