**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 16 1998**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee-Cross-
      Appellant,

v.

RUBEN RENTERIA, SR.,

      Defendant-Appellant-Cross-
      Appellee.

No. 96-2139, 96-2142

UNITED STATES OF AMERICA,

      Plaintiff-Appellant,

v.

RUBEN RENTERIA, JR.,

      Defendant-Appellee.

No. 96-2141

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CR-95-320-JP)**

Ralph C. Binford of Deming, New Mexico, appearing for Defendant-Appellant-Cross-
Appellee, Ruben Renteria, Sr.

Jonathon M. Gerson, Assistant United States Attorney of Albuquerque, New Mexico
(John J. Kelly, United States Attorney of Albuquerque, New Mexico, with him on
the brief) appearing for the Plaintiff-Appellee-Cross-Appellant-appellant.

(Raymond T. Van Arnam entered his appearance for Defendant-Appellee Ruben Renteria, Jr., but filed no brief and pursuant to Fed. R. App. P. 31(c) did not appear at oral argument.)

---

Before **ANDERSON**, Circuit Judge, **MURPHY,** Circuit Judge, and **MCWILLIAMS**, Senior Circuit Judge.

---

**McWILLIAMS, Senior Circuit Judge.**

---

In a three count indictment filed in the United States District Court for the District of New Mexico, Ruben Renteria, Sr. and Ruben Renteria, Jr., father and son, were charged as follows: in count one both were charged with conspiring to commit perjury and to make false statements before the United States District Court for the District of New Mexico in the case of *United States v. Gabriel Aguirre, et al.,* No. 92-0486 JC, in violation of 18 U.S.C. § 1623 and 18 U.S.C. § 371.

In count two, Ruben Renteria, Sr. was charged with making false statements, under oath, before the district court in the aforesaid case of *United States v. Gabriel Aguirre, et al.,* in violation of 18 U.S.C. § 1623.

In count three, Ruben Renteria, Jr. was charged with making false statements, under oath, in *United States v. Gabriel Aguirre, et al.,* in violation of 18 U.S.C. § 1623.

At trial, the district court dismissed count one as to both defendants. The jury, however, convicted Ruben Renteria, Sr. on count two and Ruben Renteria, Jr. on count

three.  Ruben Renteria, Sr. was sentenced to imprisonment for fifteen months to be followed by two years of supervised release.  Ruben Renteria, Jr. was sentenced to five months imprisonment followed by two years of supervised release to include five months of home confinement.

In No. 96-2139, Ruben Renteria, Sr. appeals his conviction on count two.  In No. 96-2142, the United States cross-appeals the sentence imposed on Ruben Renteria, Sr.  In No. 96-2141, the United States appeals the sentence imposed on Ruben Renteria, Jr.  Ruben Renteria, Jr. did not appeal his conviction.  The three appeals have been companioned for disposition.  The background facts are essential to an understanding of the present appeals.

On October 21, 1992, agents of the Drug Enforcement Administration, the Federal Bureau of Investigation, the Customs Service, the Border Patrol and other law enforcement agencies executed a series of arrest warrants in the vicinity of Deming, New Mexico.  The warrants issued after indictments had been returned by a Grand Jury investigating an extensive drug operation continuing over a long period of time involving the distribution of marijuana and cocaine, money laundering, and other related offenses in the Deming area.

Among those arrested, pursuant to warrant, was Renteria, Sr., who was arrested at his home.  According to the government, the arresting officers asked Renteria, Sr. if he would consent to a search of his residence, to which request Renteria, Sr. agreed and

signed a consent to search form. Various items were thereafter found in the course of that search.

In the criminal proceeding against him, Renteria, Sr. filed a motion to suppress the use at trial of the items seized in the search of his residence. As indicated, at the hearing on the motion to suppress, government agents testified that Renteria, Sr. verbally consented to a search of his home, and signed a consent to search form, which form was offered and received into evidence.[1] However, at the suppression hearing, Renteria, Sr. testified, under oath, that he had never given consent to search his home, that he had not signed the consent form, and that the signature thereon was not his. At that same hearing, Renteria, Sr.'s son, Renteria, Jr. also testified, under oath, and stated that it was he who had signed the consent form and that the consent form pertained to his premises, not the home of Renteria, Sr. After the hearing, but before the district court had ruled on the motion to suppress, counsel, for some reason not revealed by the record before us, withdrew the motion to suppress.

The transcript of the trial of Renteria, Sr. and his co-defendants on the drug charges is not a part of the record on appeal. Suffice it to say, that the jury acquitted Renteria, Sr. on all charges, and announced that they were unable to reach a verdict on the

---

[1]The DEA agent who arrested Renteria, Sr. testified at the perjury trial that he mistakenly wrote down the address of Renteria, Jr. on the consent form, and that when Renteria, Sr. said that such was not his address, the agent scratched out Renteria, Jr.'s address and wrote down Renteria, Sr.'s address, whereupon Renteria, Sr. signed the consent form.

other defendants. Upon retrial of the other defendants, many, if not all, were convicted, and, on appeal, the various convictions were affirmed by us. *See United States v. Eleno Aguirre,* 108 F.3d 1284 (10th Cir.), *cert. denied,* ___ U.S. ___ (1997); *United States v. Gallegos,* 108 F.3d 1272 (10th Cir.1997); *United States v. Contreras,* 108 F.3d 1255 (10th Cir.), *cert. denied,* ___ U.S. ___ (1997); *United States v. Gabriel Rodriguez-Aguirre, et al.,* 108 F.3d 1228 (10th Cir.), *cert. denied,* ___ U.S. ___ (1997); *United States v. Morales*, 108 F.3d 1213 (10th Cir. 1997); and *United States v. Denogean,* 79 F.3d 1010 (10th Cir.), *cert. denied,* ____ U.S. ____ (1996).

The question of whether Renteria, Sr. and Renteria, Jr. made false statements and committed perjury when each testified, under oath at the suppression hearing, was thereafter submitted to a grand jury, which returned the indictment referred to in the opening paragraph of the opinion. As indicated, the conspiracy charge, on motion, was dismissed during the course of the trial, but the jury convicted both Renteria, Sr. and Renteria, Jr. of perjury. The present appeals involving the two will be considered separately.

RENTERIA, SR.

As indicated, in No. 96-2139, Renteria, Sr. appeals his conviction, and in No. 96-2142 the United States cross-appeals his sentence.

Counsel first suggests that the district court erred in failing to hold, prior to trial, a so-called *Daubert* hearing to determine whether the government's handwriting expert should be allowed to testify at trial. *See Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Counsel agrees, however, that since his motion to hold such a hearing was withdrawn prior to trial, the matter is "no longer an issue in this appeal and can be considered abandoned."

Counsel's next argument pertains to the question of whether the testimony of Renteria, Sr. at the suppression hearing was "material." The Supreme Court has held that "the [false] statement must have 'a natural tendency to influence, or [be] capable of influencing, the decision of the decisionmaking body to which it is addressed.'" *United States v. Gaudin,* 515 U.S. 506, 509 (1995) (quoting *Kungys v. United States,* 485 U.S. 759 (1988)).

On the question of materiality, the district court instructed the jury as follows:

> The fourth element of the crime of making a false statement under oath in a court proceeding, as I have just explained it to you, is that the false statement be a material false statement. A false statement is material for these purposes if it was capable of influencing the activities or decision of the Court.
> In this case, you have heard testimony that the statements alleged to be perjurious were made by the Defendants, Ruben Renteria Senior and Ruben Renteria Junior, in the course of what is called a suppression hearing. The suppression hearing was held at the request, or motion, of

Defendant Ruben Renteria Senior, who said that his house had been searched in violation of his constitutional rights.

As you know, Defendant Ruben Renteria Senior testified at the suppression hearing, testifying in substance that he did not consent to the search of his house, and that he did not sign a consent form. Defendant Ruben Renteria Junior also testified at the suppression hearing, testifying in substance that it was he who had signed the consent form at a different location.

You must determine whether the portions of the Defendant's suppression hearing testimony that are specified in the indictment were material statements.

\* \* \* \* \*

This testimony was material if it was capable of influencing the Court's decision in the suppression hearing. If you find that this testimony was not capable of influencing the Court's decision, you must acquit Ruben Renteria Senior of the charge of making a false statement under oath. If, on the other hand, you find beyond a reasonable doubt that the testimony was material, and that the other elements of making a false statement under oath in a judicial proceeding have also been proved beyond a reasonable doubt, you may convict Defendant Ruben Renteria Senior of this charge.

\* \* \* \* \*

To find that the testimony was material, you need not find that it did, in fact, influence the decision of the Court. You need find only that it was capable of influencing the Court's decision in the suppression hearing.

Counsel argues that the foregoing instruction is incorrect and that in order for any false statements of Renteria, Sr. made at the suppression hearing to be "material," they had to be capable of influencing the jury in its deliberations on the "guilt or innocence" of Renteria, Sr. on the various drug charges against him, as opposed to the decision of the judge on the motion to suppress. In this regard, counsel tendered an instruction on

- 7 -

materiality, which was refused, which read as follows: "Materiality is whether the false statement has a natural tendency to influence or was capable of influencing the guilt or innocence of Ruben Renteria, Sr. in Crim. Cause No. 92-0486-JC."

The district court did not err in refusing to give the instruction tendered by counsel and the instruction given the jury by the district court was, under the circumstances of the case, correct. "[T]he test of materiality is 'whether the false statement has a natural tendency to influence, or was capable of influencing, the decision . . . required to be made,'" which, in our case, is the decision to grant, or deny, the motion to suppress, not the decision as to whether Renteria was, or was not, guilty of the crimes charged. *United States v. Girdner,* 773 F.2d 257, 259 (10th Cir. 1985), *cert. denied,* 475 U.S. 1066 (1986) (quoting *United States v. Moore,* 613 F.2d 1029, 1038 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 954 (1980)).

Counsel next argues that the district court erred in failing to suppress at the perjury trial Renteria, Sr.'s testimony given at the suppression hearing wherein he denied giving consent to search his home and denied signing a consent to thus search, all of which, of course, was the predicate for the perjury charge. In thus advancing this rather startling argument, counsel relies on *Simmons v. United States,* 390 U.S. 377 (1968). In *Simmons*, the Supreme Court stated that "when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial . . . ." *Id.* at 394. *Simmons* is not the present case. As stated,

Renteria, Sr.'s testimony at the suppression hearing was, according to the government's theory of the case, both false and material in that it was capable of influencing the decision of the judge, even though the judge never did rule on the suppression motion which was withdrawn by counsel.

Counsel's suggestion that the district court erred in admitting into evidence at trial exemplars of Renteria, Sr.'s handwriting which were used in connection with the testimony of the government's handwriting expert is without merit. Finally, the district court did not err in denying the defendant's motion for a mistrial based on improper closing argument by the prosecution. In our view, the prosecutor did not "overstep" in his closing argument to the jury. In his closing argument defense counsel suggested that any false statement by Renteria, Sr. at the suppression hearing was not "material" because the judge was going to deny the motion "anyway," no matter what Renteria, Sr. said. Again, a rather startling statement by counsel. In any event, the prosecutor simply observed that it was rather "shocking" for defense counsel to suggest that "it just plain doesn't matter" if Renteria, Sr. "lie[d] under oath."

The judgment of conviction of Renteria, Sr. is affirmed.

NO. 96-2142

By cross-appeal, the government appeals the sentence imposed on Renteria, Sr. of imprisonment for 15 months, to be followed by two years of supervised release. In the

pre-sentence report the district court was advised that the guideline imprisonment range was 60 months. Specifically, Part D of the report reads as follows:

**PART D. SENTENCING OPTIONS**

**Custody**

36. **Statutory Provisions:** The term of imprisonment for the instant offense is 5 years, pursuant to 18 U.S.C.     1623.

37. **Guideline Provisions:** Based on a combined offense level of thirty-two (32) and a criminal history category of III, the guideline imprisonment range is one hundred fifty-one (151) to one hundred eighty-eight (188) months. However, pursuant to 5G1.1(a), where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range the statutorily authorized maximum sentence shall be the guideline sentence. The statutorily authorized maximum sentence in this case is six [sic] (60) months; therefore, the guideline imprisonment range is sixty (60) months.

The government filed several objections to the pre-sentence report, one of which was that the base offense level mentioned in paragraph 37, which appears immediately above, should be "30," and not "32." The probation office agreed to that change.

Counsel for Renteria, Sr. also filed objections to the pre-sentence report, one of which was the recommendation that the district court, in determining Renteria, Sr.'s base offense level, use U.S.S.G. § 2J1.3(c)(1) instead of U.S.S.G. § 2J1.3(a). Under the former, Renteria Sr.'s base offense level would be 30, which, with a criminal history category of III, would result in a guideline range of 121 to 151 months. However,

U.S.S.G. § 5G1.1(a) provides that "where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence [60 months in our case] shall be the guideline sentence." In contrast, U.S.S.G. § 2J1.3(a) would set Renteria, Sr.'s base offense level at 12, which, with a criminal history category of III, would result in a guideline imprisonment range of 15 to 21 months, a far cry from 60 months.

On March 6, 1996, Renteria, Sr. was sentenced by the district court to 15 months imprisonment, followed by two years of supervised release. In so doing, the district court held that U.S.S.G. § 2J1.3(a) applied to Renteria, Sr. and that U.S.S.G. § 2J1.3(c)(1) did not apply. Accordingly, the district court determined that Renteria, Sr.'s base offense level was 12, and with a criminal history category of III, his guideline level was 15 to 21 months imprisonment. Whereupon the district court sentenced Renteria, Sr. to 15 months imprisonment. The district judge further found, alternatively, that if U.S.S.G. § 2J1.3(c)(1) did apply, in which event the base offense level would be 30, he would, under 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0, depart downward to the guideline range for a base offense level of 12 because of perceived mitigating circumstances not adequately considered by the guidelines.

On April 11, 1996, a month or so after Renteria, Sr.'s sentencing, the district court filed a written Memorandum Opinion, the "subject" of which was its sentencing of Renteria, Sr. and his son on March 6, 1996. *See U.S. v. Renteria*, 925 F.Supp. 722

(D.N.M. 1996). In that Memorandum Opinion the district judge reaffirmed his sentence on Renteria, Sr. of 15 months imprisonment followed by two years of supervised release, and, in the alternative, that if U.S.S.G. § 2J1.3(c)(1) were to apply, he would depart downward from the guideline range for a base offense level of 30 to the guideline range for a base offense level of 12. In connection therewith, the district judge stated that "[i]n order for me to have applied the cross-reference to section 2X3.1 I first needed to find that defendants' perjury was 'in respect to a criminal offense.' I could not do so."

Some reference to specific guidelines will be helpful.

### § 2J1.3. Perjury or Subornation of Perjury; Bribery of Witness

(a) Base Offense Level: 12

\* \* \* \* \*

(c) Cross Reference
   (1) If the offense involved perjury, subornation of perjury, or witness bribery in respect to a criminal offense, apply §2X3.1 (Accessory After the Fact) in respect to that criminal offense, if the resulting offense level is greater than that determined above.

### §2X3.1. Accessory After the Fact

(a) Base Offense Level: 6 levels lower than the offense level for the underlying offense, but in no event less than 4, or more than 30. *Provided,* that where the conduct is limited to harboring a fugitive, the offense level shall not be more than level 20.

### §5G.1.1. Sentencing on a Single Count of Conviction

(a) Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.

Recapitulating, U.S.S.G. § 2J1.3(a) sets the base offense level for perjury at 12. However, U.S.S.G. § 2J1.3(c) provides that "[i]f the offense involved perjury . . . in respect to a criminal offense, apply § 2X3.1 . . . if the resulting offense level is greater" than 12. The "resulting offense level" under U.S.S.G. § 2X3.1 is greater, much greater, than 12, namely 30, which with a criminal history category of III, sets a guideline range of 121 to 151 months imprisonment. (As indicated the guideline range for one with a base offense level of 12 and a criminal history category of III is 15 to 21 months imprisonment.) However, U.S.S.G. § 5Gl.l provides that where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence, which in our case is 60 months, "shall be the guideline sentence."

As indicated, the district court set Renteria, Sr.'s base offense level at 12, and refused to use the "cross-reference" mandated by U.S.S.G. § 2J1.3(c) where the perjury is "in respect to a criminal offense." In this regard the district court concluded that the term "in respect to a criminal offense" was a "hopelessly ambiguous phrase" and therefore the "rule of lenity" should operate to Renteria, Sr.'s benefit. We do not think the phrase "in respect to a criminal offense" is ambiguous and accordingly the rule of lenity does not come into play.

*United States v. Martinez,* 106 F.3d 620 (5th Cir. 1997) sheds considerable light on the present controversy. In that case Alberto Martinez, who had been charged with

possession of marijuana, at a preliminary hearing identified himself as Alfredo Martinez, his brother, in order to conceal his (Alberto's) past criminal record. Alberto later pled guilty to a perjury charge in exchange for dismissal of the marijuana charge. At sentencing on the perjury charge, the government argued that the district court should sentence under U.S.S.G. § 2J1.3(c)(1), rather than U.S.S.G. § 2J1.3(a). The district court found that Alberto had committed perjury and that such was "in respect to a criminal offense," as provided for by U.S.S.G. § 2J1.3(c)(1), but refused to calculate his sentence under the latter because it believed that U.S.S.G. § 2X3.1 required that the defendant be "convicted of the underlying offense." On appeal, the Fifth Circuit vacated the sentence and remanded for resentencing. In so doing, the Fifth Circuit held that neither U.S.S.G. §§ 2J1.3(c)(1) nor 2X3.3 required that the defendant be convicted of the underlying offense. In *Martinez*, the underlying offense was dismissed in exchange for a plea of guilty to perjury. In the instant case, Renteria was acquitted on the underlying charges.

In *Martinez*, the defendant on appeal also argued that there was insufficient evidence to show that the perjury was "in respect to a criminal offense" as required by § 2J1.3(c)(1). In rejecting that argument and holding that false testimony given at a preliminary hearing in a criminal case is perjury "in respect to a criminal offense," the Fifth Circuit spoke as follows:

> Finally, Martinez urges that there was insufficient evidence to support a finding that his perjury was "in respect to a criminal offense." The district court found that if Martinez successfully masqueraded as his brother, he would

- 14 -

> have been able to secure bond and "obtain the advantages of flight" and he would avoid the use of his own criminal history at trial and at sentencing. This, it held, was enough to find that the perjury was related to the criminal offense in a "very entwined and enmeshed way." Martinez would have us read into 2J1.3(c)(1) the requirement of "a particularly serious offense" or limit its application to where a defendant perjured himself in relation to his guilt. Martinez does not support these arguments, however, and they fall before the plain meaning of "related to a criminal offense."

*Id.* at 622.

In thus concluding that the phrase "in respect to a criminal offense" had a "plain meaning," the Fifth Circuit rejected any suggestion that the language in question was "vague" and "hopelessly ambiguous." Such being the case, the Fifth Circuit declined to apply the rule of lenity and interpret the guidelines "in favor of" the defendant.

Under the rational of *Martinez*, to which we subscribe, we hold that the district court erred in concluding that Renteria's perjury, for which he had been convicted by a jury, was not committed "in respect to a criminal offense," as that phrase is used in U.S.S.G. § 2J1.3(c). Accordingly, the district court, in the first instance, erred in not sentencing Renteria under U.S.S.G. § 2J1.3(c), rather than under U.S.S.G. § 2J1.3(a). Under the circumstances, we decline to review, at this time, whether the district court's alternative ruling that if U.S.S.G. § 2J1.3(c) applied, it would make a downward departure from the guideline range for a base offense level of 30 to the guideline range for one of 12, quite a drastic downward departure. However, we also decline the government's suggestion that we "order" the district court to resentence Renteria, Sr. to

- 15 -

60 months imprisonment.  Rather, we vacate the sentence imposed, and remand with instructions that the district court resentence Renteria, Sr. consistent with the views herein expressed and in light of the facts and circumstances as they exist at the time of resentencing.

## RENTERIA, JR.

<u>NO. 96-2141</u>

As indicated, Renteria, Jr. did not appeal his conviction or sentence.  However, the United States did appeal the sentence of five month's imprisonment for Renteria, Jr., followed by two years of supervised release, contending that he should have been imprisoned for 60 months.

In the presentence report, the probation officer recommended that under U.S.S.G. § 2J1.3(a), Renteria, Jr.'s base offense level be set at 12.  With such a base offense level and a criminal history category of I, the guideline range would be 10 to 16 months imprisonment.  The district court then sentenced Renteria, Jr. to five months imprisonment, followed by two years of supervised release.  In any event, as indicated *supra*, the district court erred in not sentencing Renteria, Jr. under U.S.S.G. § 2J1.3(c).  The fact that Renteria, Jr. was "never charged in an underlying offense, as was his father," relied on by the probation officer in recommending sentencing under U.S.S.G. § 2J1.3(a), is of no moment.  *See United States v. Martinez, supra.*

As he did in sentencing Renteria, Sr., the district judge in sentencing Renteria, Jr. also held alternatively, that if U.S.S.G. § 2J1.3(c) applied, he would, under 18 U.S.C. 3553(b) and U.S.S.G. 5K2.0, depart downward to the guideline range for a base offense level of 12, because of perceived mitigating circumstances not adequately considered by the guidelines. We decline to consider this alternative ruling at this time.

Renteria, Jr.'s sentence is vacated and the matter is remanded for resentencing consistent with the views herein expressed and in the light of the facts and circumstances as they exist at the time of resentencing.