**UNITED STATES of America**

v.

**Ibrahim Ahmad SULEIMAN, Defendant.**

**No. 96 Cr. 933(WK).**

United States District Court, S.D. New York.

Nov. 24, 1998.

Richard Jasper, New York City, for Defendant.

Michael J. Garcia, Assistant U.S. Attorney, U.S. Dept. of Justice, U.S. Attorney, New York City, for U.S.

### *MEMORANDUM AND ORDER*

WHITMAN KNAPP, Senior District Judge.

At the sentencing hearing on November 13, we expressed grave doubt as to whether defendant's concededly false testimony could be said to have been uttered "in respect to a criminal offense." The government requested an opportunity to submit a letter brief stating its position. This seemed a wholly appropriate request, and was granted. The government has now submitted a well-organized letter brief. However, its effect has been to solidify us in, rather than dissuade us from, our position. We now find as a fact that none of defendant's concededly false statements were uttered "in respect to a criminal offense."

The government's letter brief cites seven cases which it claims establish the contrary: *United States v. Gay* (2d Cir.1994) 44 F.3d 93; *United States v. Glover* (10th Cir.1994) 52 F.3d 283; *United States v. Salinas* (5th Cir.1992) 956 F.2d 80; *United States v. Rude* (9th Cir.1996) 88 F.3d 1538; *United States v. Martinez* (5th Cir.1997) 106 F.3d 620; and *United States v. Perry* (4th Cir.1996) 91 F.3d 135 (Table), 1996 WL 406244. Those cases establish several things: that a defendant need not act as an accessory in order to be sentenced under the cross-reference to section 2J1.3(c) of the sentencing guidelines, *see Gay, Perry;* that the perjury need not have been committed in respect to the defendant's own offense, *see Salinas, Rude;* and that the defendant need not have been convicted of the underlying offense, *see Martinez.*

Not a single one of these cases suggests that in a situation such as the one at bar, where neither the questions asked nor the answers given referenced any criminal offense, a sentencing court would be nonetheless bound to find that they were "in respect to a criminal offense." On the contrary, most of them, in the course of establishing the propositions for which they were cited, went on to specify the criminal offense to

which the false testimony related. In *Gay,* the court noted that the defendant "was asked a series of questions about the robberies in which he was allegedly involved." 44 F.3d at 94. *See also Salinas,* 956 F.2d at 83 ("... even though [defendant's] perjury related to a murder, he was not implicated in the murder as a principal or accessory after the fact."); *Rude,* 88 F.3d at 1544 ("... Andrews' perjury was 'in respect to' the other defendants' money laundering offenses.").

The government, in its letter-brief, also discusses a case which we had apparently called to its attention, *United States v. Renteria* (10th Cir.1998) 138 F.3d 1328. It is not altogether clear what that case decided. Its quotation from the *Martinez* opinion (138 F.3d at 1333), would seem to indicate that the court was holding that perjury which could effect the outcome of a trial should be regarded as related to the criminal offense at issue even if it made no specific reference to that offense. In any event, *Renteria* has no bearing on the question before us.

Accordingly, we adhere to our finding of fact that none of the defendant's concededly false statements were uttered "in respect to a criminal offense."

SO ORDERED.