06-4152-cv, 06-4179-cv
Reddington v. Staten Island University Hospital

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term 2007

(Argued: October 11, 2007          Decided: September 22, 2008)

Docket Nos. 06-4152-cv(L), 06-4179-cv(XAP)

_____

CARMEL REDDINGTON,
*Plaintiff-Appellant-Cross-Appellee,*

-v.-

STATEN ISLAND UNIVERSITY HOSPITAL and
NORTH SHORE LONG ISLAND JEWISH HEALTH SYSTEM,
*Defendants-Appellees-Cross-Appellants.*

_____

Before:     KATZMANN, LIVINGSTON, *Circuit Judges*, and
            KORMAN, *District Judge*.[*]

Employee brought claims against former employer for age discrimination,

violation of whistleblower protection law, and breach of contract. The United

States District Court for the Eastern District of New York, I. Leo Glasser, J., 373

F. Supp. 2d 177, dismissed the whistleblower and contract claims. The parties

agreed to dismiss the age discrimination claims with prejudice. Employee

appealed the dismissal of her whistleblower and contract claims, and employer

---

[*] The Honorable Edward R. Korman, Senior District Judge, United States District
Court for the Eastern District of New York, sitting by designation.

cross-appealed, seeking attorneys' fees. We affirmed in part and certified two questions to the New York Court of Appeals, 511 F.3d 126, and the New York Court of Appeals, Read, J., 11 N.Y.3d 80, answered questions. In light of the answers, we affirm.

JONATHAN BEHRINS, Behrins & Behrins, P.C., Staten Island, NY, *for Plaintiff-Appellant-Cross-Appellee.*

JAMES D. WILLIAMS, JR. (David O. Simon, *on the brief*), Epstein Becker & Green, P.C., New York, NY, *for Defendants-Appellees-Cross-Appellants.*

LIVINGSTON, *Circuit Judge*:

Plaintiff Carmel Reddington appeals from a judgment of the United States District Court for the Eastern District of New York (Glasser, J.) dismissing her claims against her former employer, defendants Staten Island University Hospital and North Shore Long Island Jewish Health System, Inc. (the "Hospital"), for termination in violation of New York's whistleblower protection law and for breach of an employment contract. *See Reddington v. Staten Island Univ. Hosp.* (*Reddington I*), 373 F. Supp. 2d 177 (E.D.N.Y. 2005). We set forth the underlying facts and procedural history in *Reddington v. Staten Island University Hospital* (*Reddington II*), 511 F.3d 126 (2d Cir. 2007). In *Reddington II*, we affirmed the judgment of the district court insofar as it dismissed Reddington's claim for breach of contract, *id.* at 137-38, and we certified to the

2

New York Court of Appeals the following two questions related to the whistle-blower law: (1) "Does the institution of a time-barred claim pursuant to New York Labor Law § 740 simultaneously with a claim pursuant to New York Labor Law § 741 trigger section 740(7)'s waiver provision and thereby bar the section 741 claim, even if the section 740 claim is subsequently withdrawn?"; (2) "Does the definition of employee in New York Labor Law § 741 encompass an individual who does not render medical treatment, and under what circumstances?" *Id.* at 136. The Court of Appeals accepted certification, *Reddington v. Staten Island Univ. Hosp.* (*Reddington III*), 9 N.Y.3d 1020, 881 N.E.2d 214, 851 N.Y.S.2d 118 (2008), and answered both questions in the negative, *Reddington v. Staten Island Univ. Hosp.* (*Reddington IV*), 11 N.Y.3d 80 (2008). As we explain, the Court of Appeals's answers to the certified questions require us to affirm the judgment of the district court.

The district court determined that, by instituting an action under section 740 of the New York Labor Law, Reddington triggered the claim-waiver provision of section 740(7) and thereby waived the claim under section 741 that she asserted in her amended complaint. Observing that section 741 contemplates enforcement through the private right of action established in section 740(4), the Court of Appeals determined that "no election of remedies is implicated when sections 741 and 740 are pleaded together, or section 741 is

3

pleaded after a plaintiff has instituted a section 740 claim, because section 741 provides no independent remedy." *Id.* at 89. Accordingly, although Reddington triggered section 740(7)'s waiver by instituting an action under section 740, *cf. Reddington II*, 511 F.3d at 133-34, Reddington did not waive her section 741 claim because that claim does not fall within the scope of the waiver, *cf. id.* at 134-35.

Nonetheless, we must affirm the dismissal of her section 741 claim because section 741 applies only to "a[] person who performs health care services." N.Y. Lab. Law § 741(1)(a). As *Reddington IV* makes clear, "section 741 . . . is meant to safeguard only those employees who are qualified by virtue of training and/or experience to make knowledgeable judgments as to the quality of patient care, and whose jobs require them to make these judgments."11 N.Y.3d at 93. The statute, therefore, applies to employees who "actually supply health care services," but does not apply to employees who "merely . . . coordinate with those who do." *Id.* at 91. As we described in our prior opinion, Reddington's complaint alleges that she coordinated and developed certain services for the Hospital's patients, took charge of patient satisfaction questionnaires, and managed and trained personnel who provided translation assistance, but it does not allege that she supplied any treatment. *Reddington II*, 511 F.3d at 135. According to the definition of health care services as

4

explained in *Reddington IV*, these allegations are insufficient to establish that Reddington was an employee within the meaning of section 741(1)(a). Because the remedies available for violations of section 741 are available only to health care employees, *see* N.Y. Lab. Law § 740(4)(d), we affirm the district court's dismissal of Reddington's section 741 claim.

Finally, we consider the Hospital's cross-appeal, in which it argues that it is entitled to attorneys' fees under section 740(6). The district court declined to award attorneys' fees because Reddington withdrew her section 740 claim at an early stage of the litigation. *See Reddington I*, 373 F. Supp. 2d at 189 (denying the Hospital's request for attorneys' fees because Reddington "served her amended complaint before defendants filed an answer to the original complaint containing the § 740 claim" and because "there ha[d] been no discovery conducted in this litigation to date"). Section 740, however, requires the court to determine whether "an action brought by an employee under this section was without basis in law or in fact," N.Y. Lab. Law § 740(6), and thus the district court appears to have employed an erroneous legal standard. Nevertheless, in view of the decision that Reddington did not waive her claim under section 741 because that claim is enforced pursuant to section 740(4), and in light of the previously unclear scope of section 741's definition of employee, we are of the opinion that Reddington's "action under this section" — construed as a whole —

was nonfrivolous.  As a matter of law, therefore, the Hospital is not entitled to attorneys' fees.

For the foregoing reasons, we affirm the district court's dismissal of Reddington's claims under section 741, and we also affirm the district court's refusal to award attorneys' fees to the Hospital.  We thank the New York Court of Appeals for its assistance in construing these provisions of New York law.