13-3141-cv
*Pal v. NYU*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand and fourteen.

PRESENT:
>DEBRA ANN LIVINGSTON,
>GERARD E. LYNCH,
>CHRISTOPHER F. DRONEY,
>
>*Circuit Judges.*

_____

NEELU PAL, MD,

*Plaintiff-Appellant*,

- v. -                                          No. 13-3141-cv

NEW YORK UNIVERSITY,

*Defendant-Appellee*.

_____

JASON LOUIS SOLOTAROFF, Giskan Solotaroff Anderson & Stewart LLP, New York, NY, *for Plaintiff-Appellant*.

MERCEDES COLWIN (Diane Krebs and Bran Noonan, *on the brief*), Gordon & Rees, LLP, New York, NY, *for Defendants-Appellees*.

1

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Neelu Pal appeals from an award of judgment on partial findings pursuant to Federal Rule of Civil Procedure 52(c) to Defendant-Appellee New York University ("NYU") on her claim of retaliatory termination under New York's "Health Care Whistleblower Law," New York Labor Law § 741. Pal also appeals from an Order entered January 25, 2010, striking Pal's request for a jury trial. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where a district court grants judgment on partial findings pursuant to Federal Rule of Civil Procedure 52(c), we review the district court's conclusions of law *de novo* and findings of fact for clear error. *MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc.*, 157 F.3d 956, 960 (2d Cir. 1998). "Whether [a party is] entitled to a jury trial is a question of law, which we review *de novo*." *Brown v. Sandimo Materials*, 250 F.3d 120, 125 (2d Cir. 2001).

**1.** *Pal's Retaliation Claim*

Pal alleges that NYU terminated her in retaliation for statements made to a supervisor in which she expressed concern about the quality of patient care in NYU's Program for Surgical Weight Loss ("Program"). On appeal, she contends that the district court committed clear error in finding that her termination was the sole responsibility of Dr. Thomas Riles ("Riles"), the Chairman of the Department of Surgery, and that two attending physicians in the Program were not responsible for NYU's decision to terminate her employment. Pal does not argue on appeal that Riles was motivated by retaliatory animus in terminating her, rather than, as he testified, Pal's inappropriate conduct in making anonymous, frightening phone calls to NYU's patients. "In

2

reviewing findings for clear error, we are not allowed to second-guess either the trial court's credibility assessments or its choice between permissible competing inferences." *Ceraso v. Motiva Enter., LLC*, 326 F.3d 303, 316 (2d Cir. 2003).

Here, the record shows that NYU's disciplinary policy for fellows and residents clearly states that Riles and only Riles had the power to terminate or suspend Pal. Riles repeatedly and unequivocally testified that the decisions to suspend and terminate were his alone, and the district court found his testimony wholly credible. "Where the district court's factual findings are premised upon credibility determinations, we grant particularly strong deference to those findings." *United States v. Mendez*, 315 F.3d 132, 135 (2d Cir. 2002). Riles's testimony, moreover, as well as the NYU disciplinary policy, are bolstered in this case by the corroborating testimony of other NYU officials stating that Riles was the sole decision-maker in Pal's suspension and termination. We conclude that the evidence adduced at trial supported the district court's finding that Riles was solely responsible for Pal's termination, to the exclusion of the Program physicians, and discern no error, much less clear error, in this determination.

### 2. *Rule 52(c) Judgment on Partial Findings*

New York Labor Law § 741(5) establishes an affirmative defense for an employer who can prove that the challenged "personnel action was predicated upon grounds other than the employee's exercise of any rights protected by this section." Pal claims that the district court erred by placing the burden of proof as to this affirmative defense on Pal, rather than on NYU. In fact, the district court explicitly placed the "burden [on] NYU to demonstrate that Pal's termination was not due to her complaints to Bernstein."*Pal v. NYU*, No. 06 Civ. 5892 (PAC), 2013 WL 4001525, at *8 (S.D.N.Y. Aug. 6, 2013). Pal's argument, however, amounts to a claim that a court may only grant

3

judgment pursuant to Federal Rule of Civil Procedure 52(c) at the close of a plaintiff's case if the court's judgment is premised on the plaintiff's failure to make out a prima facie case. Pal asserts, in essence, that a court may grant judgment pursuant to Rule 52(c) on an affirmative defense only after the defense has presented its case. For the following reasons, we disagree.

The plain text of Rule 52(c) provides that "[i]f a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim *or defense* that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 52(c) (emphasis added). Thus, if the court found against Pal on the issue of NYU's non-retaliatory grounds for her termination after considering her case-in-chief, Rule 52(c) permitted the court to enter judgment against her on NYU's affirmative defense, which could only have been defeated if the court had decided the factual issue in her favor. Because the court was satisfied that NYU's cross-examination of Pal's witnesses established the factual basis for the affirmative defense created by New York Labor Law § 741(5), the court was entitled to enter judgment pursuant to Rule 52(c) without waiting for NYU's case-in-chief.

### 3. *Jury Demand*

Pal contends, finally, that the district court erred in striking her request for a jury trial. "Labor Law § 741 contemplates enforcement through a Labor Law § 740(4) civil suit." *Reddington v. Staten Island Univ. Hosp.*, 893 N.E.2d 120, 125 (N.Y. 2008), *cited with approval in Reddington v. Staten Island Univ. Hosp.*, 543 F.3d 91, 93 (2d Cir. 2008). The relief available in a § 740 suit (and thus a § 741 suit) is set out in § 740(5), which states that "*the court* may award relief as follows," and then lists various types of equitable relief. N.Y. Lab. Law § 740 (emphasis added). The New

4

York state courts have therefore concluded that "rather than providing for a trial by jury, section 740(5), by its express terms, states that it is the court itself which awards relief." *Scaduto v. Rest. Assocs. Indus.*, 579 N.Y.S.2d 381, 382 (App. Div. 1992). The remedies that Pal is seeking under New York Labor Law § 740, including back pay, are analogous to the remedies available under Title VII before the 1991 amendments made compensatory and punitive damages available, and are clearly equitable remedies under federal as well as state law. *See Song v. Ives Labs., Inc.*, 957 F.2d 1041, 1047-48 (2d Cir. 1992); *Cohen v. West Haven Bd. of Police Comm'rs*, 638 F.2d 496, 501 (2d Cir. 1980) ("Backpay is a familiar equitable remedy . . . ."). To the extent that Pal may have sought damages *not* properly characterized as back pay, such damages are not recoverable pursuant to § 740. *Scaduto*, 579 N.Y.S.2d at 382 ("Labor Law § 740(5) *only* provides for equitable relief which mandates back pay, but, no more."); *see also Hoffman v. Altana, Inc.*, 603 N.Y.S.2d 499, 500 (App. Div. 1993) (holding that future or anticipated lost wages or benefits are not recoverable under § 740(5)). Because New York Labor Law § 740 offers only equitable remedies, Pal was not entitled to a jury trial on her claim under New York Labor Law § 741.

\* \* \*

We have reviewed Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk